## BOWERS v. DICKERSON.

AN answer filed without leave of Court after the time for answering has expired, but before default has been entered, is not a nullity; but at most an irregularity.

The Court in its discretion may strike out an answer so filed, or retain it, or permit another to be filed; but plaintiff cannot, as of right, have such answer struck out. For these purposes, defendant is not in default until his default has been actually entered in accordance with the statute.

APPEAL from the Eleventh District.

Suit on a promissory note. Complaint filed September 21st, 1860, summons served October 11th, 1860, and a demurrer filed by defendant on the twenty-third of October. January 23d, 1861, the demurrer was overruled, and leave given to answer, and an answer was filed the same day. Before the demurrer was taken up, plaintiff's counsel stating that there were suspicions that the date of the return on the summons had been altered from the eleventh to the eighteenth of October, it was stipulated that action on the demurrer and preparing the case for trial should not be considered a waiver by plaintiff of his right to move to strike out the demurrer, and for a default and judgment.

Subsequently, the return was amended, and the true date fixed as the eleventh of October. Plaintiff then moved to strike out the demurrer and answer, and for judgment. Defendant, by leave, plaintiff excepting, introduced the Sheriff, two of his deputies, and the affidavits of himself and attorney, to show that his failure to answer within the time required by law was through mistake, inadvertence, surprise or excusable neglect—the gist of the showing being that defendant had a meritorious defense, that the return of the Sheriff was wrong, and that he (defendant) supposed the summons was served on the eighteenth of October, instead of the eleventh. Motion overruled, and judgment for defendant, plaintiff failing further to prosecute. Plaintiff appeals.

*Thos. H. Williams,* for Appellant.

The failure of defendant to answer within ten days after service of summons gave plaintiff an absolute right to judgment, unless

defendant made such a showing as would have entitled him to an order setting aside the judgment, with leave to answer, provided judgment had been previously rendered by default—and such showing must be of "mistake, surprise, or inadvertence." (Pr. Act, secs. 24, 25, 150, 68 ; *Elliott* v. *Chapman*, 15 Cal. 383 ; *Hastings* v. *Halleck*, 10 Id. 31 ; *Harlan* v. *Smith*, 6 Id. 173.)

*Tuttle & Hillyer*, for Respondent.

1. Defendant may file his plea any time before the entry of his default. (1 Code R. 161 ; Pr. Act, sec. 150 ; Voorhies' Code, sec. 246.)

2. A default under the showing made here would have been opened, and hence the motion to strike out was properly denied. (2 E. D. Smith, 88, 397 ; 6 Johns. 488 ; 3 Caines, 139; Id. 134 ; Id. 89 ; 5 Johns. 359 ; 13 How. Pr. R. 465.)

COPE, J. delivered the opinion of the Court—FIELD, C. J. and BALDWIN, J. concurring.

We see no error in the refusal of the Court to set aside the answer, and allow the plaintiff to take judgment by default. It was, perhaps, not strictly regular to file the answer after the time for answering had expired without leave of the Court; but as the default of the defendant had not been entered, we think the filing was not a nullity. It was at most a mere irregularity, for which the answer might have been stricken out, but on account of which the plaintiff was not entitled to have it set aside, unless the Court, in the exercise of its discretion, deemed such to be the proper course. The whole proceedings were *in fieri*, and our opinion is that the Court had absolute power either to retain the answer or to permit another to be filed, or to pursue whatever course in that respect the justice of the case required. A defendant cannot for these purposes be considered in default until his default has been actually entered in accordance with the statute. There can be no doubt of the correctness of this view of the subject.

Judgment affirmed.