[No. 18330. Department One.—July 27, 1895.]

LAKESHORE CATTLE COMPANY, RESPONDENT, v. MODOC LAND AND LIVESTOCK COMPANY, APPELLANT.

PLACE OF TRIAL—CORPORATION.—Under section 16 of article XII of the constitution, an action against a corporation may be brought in the county where the obligation sued on arose, and a motion to change the place of trial to the county where the principal place of business of the corporation is situated is properly denied.

ID. — APPEAL— CONFLICT OF EVIDENCE — REFUSAL TO CHANGE VENUE. — Where the facts alleged in the complaint, showing that the obligation sued on arose in the county where the action was brought, are controverted by an affidavit of the defendant, the supreme court cannot, in view of such conflict, interfere with the order of the trial court refusing to change the place of trial.

ID.—NOTICE OF MODE—REFERENCE TO COMPLAINT.—The trial court may properly consider the allegations of the complaint in determining the motion for the change of the place of trial, where the defendant's notice of the motion stated that it would be based upon certain affidavits, "and upon all the papers, files, records, and proceedings" in the action.

Appeal from an order of the Superior Court of Modoc County refusing to change the place of trial. C. L. Claflin, judge.

The facts are stated in the opinion of the court.

*Spencer & Raker*, and *C. A. Raker*, for Appellant.

*F. T. Richards, H. L. Spargur,* and *G. F. Harris*, for Respondent.

Harrison, J.—Appeal from an order denying a motion to change the place of trial. The defendant is a corporation, whose principal place of business is in the city and county of San Francisco, and the present action was brought against it in the superior court for the county of Modoc. After the summons had been served upon the defendant it made a motion to have the place of trial changed to San Francisco, upon the ground that that was the county of its residence. The motion was denied, and the defendant has appealed.

The facts alleged in the complaint show that the obligation of the defendant to the plaintiff arose in the county of Modoc, and, under the provisions of section 16 of article XII of the constitution, the action was properly brought in that county. At the hearing of the present motion the defendant attempted to controvert these averments of the complaint by the affidavit of Bayley, who was its president at the time of the alleged transactions, and urges that, as it appeared from this affidavit that the averments in the complaint were false, the court erred in denying this motion. Without determining whether a court would be authorized in any case to determine that the affidavits presented to it upon a motion of this nature were sufficient to overcome the allegations of the complaint, or to permit these allegations to be determined by affidavits, it is sufficient to say that there is a direct conflict between the affidavit of Bayley and the complaint in the present action, and

that we cannot set aside the decision of the court thereon.

The appellant, however, urges that the court was not authorized to look into the complaint for the purpose of determining whether there was any reason for retaining the cause, and that the affidavit should alone have been considered in determining the motion, inasmuch as the plaintiff did not offer the complaint as an affidavit in reply to the papers read in support of the motion. The defendant, in its notice of motion, had stated that it would be based upon certain affidavits, "and upon all the papers, files, records, and proceedings in the above-entitled action," and at the hearing read this notice of motion and also its demurrer to the complaint, in which reference was made to the allegations therein. After the moving papers had been read, the plaintiff's counsel, in the course of his argument, read the complaint to the court, and, to the query of the counsel for the defendant whether he was reading the complaint merely by way of argument, replied that he was. There was no error by the court in examining the complaint, even if it had not been read on behalf of the plaintiff. It was made a part of the record on the motion by the act of the defendant; and, without such act, since it was a part of the records in the case, the court was authorized to examine it for the purpose of determining the motion. (*Hollenbach* v. *Schnabel*, 101 Cal. 312; 40 Am. St. Rep. 57.) The order is affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.