[Civ. No. 291. Second Appellate District.—May 11, 1907.]

## J. W. FREEMAN, Respondent, v. ROBERT A. BROWN, Appellant.

NEW TRIAL—STATEMENT—OMISSION OF SPECIFICATIONS—REFUSAL TO ALLOW AMENDMENT—DISCRETION—REVIEW UPON APPEAL.—Though an order refusing to allow a supplemental amendment to the statement on motion for new trial to add thereto specifications wholly omitted therefrom by oversight and excusable neglect, under section 473 of the Code of Civil Procedure, is reviewable upon appeal therefrom, yet such order was addressed to the discretion of the trial court, and where the review upon appeal shows no abuse of discretion, the order refusing to grant the relief will be affirmed.

APPEAL from an order of the Superior Court of Los Angeles County, refusing leave to amend a statement on motion for a new trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

George L. Keefer, and Walter L. Bowers, for Appellant.

The court should have granted the leave to amend in furtherance of justice, and it was error not to do so. (Code Civ. Proc., sec. 473; *Butler* v. *King*, 10 Cal. 343; *Cook* v. *Spears*, 2 Cal. 409, 56 Am. Dec. 348; *Linhart* v. *Buiff*, 11 Cal. 280; *Smith* v. *Yreka etc. Co.*, 14 Cal. 202; *McMillen* v. *Dana*, 18 Cal. 349; *Roland* v. *Kreyenhagen*, 18 Cal. 457; *Pierson* v. *McCahill*, 22 Cal. 128; *Gould* v. *Stafford*, 101 Cal. 32, 35 Pac. 429; *Ward* v. *Clay*, 82 Cal. 502, 23 Pac. 50, 227; *City Improvement Co.* v. *Emmons*, 138 Cal. 300, 71 Pac. 332; *Swett* v. *Gray*, 141 Cal. 63, 74 Pac. 439.) When it is not done in

furtherance of justice it is error. (*Connolly* v. *Peck,* 3 Cal. 82; *Tyron* v. *Sutton,* 13 Cal. 494; *Hooper* v. *Wells-Fargo Co.,* 27 Cal. 35, 85 Am. Dec. 211; *Farmers' etc. Bank* v. *Stover,* 60 Cal. 388; *Marr* v. *Rhodes,* 131 Cal. 267, 63 Pac. 364; *McDougald* v. *Hulet,* 132 Cal. 154, 64 Pac. 278.)   The statement may be amended to insert all the grounds of the motion and specifications after the time for filing the statement has passed. (*Valentine* v. *Stewart,* 15 Cal. 387, 396; *Loucks* v. *Edmondson,* 18 Cal. 203; *Lucas* v. *City of Marysville,* 46 Cal. 200; *Smith* v. *City of Stockton,* 73 Cal. 206, 14 Pac. 675.)   The oversight of counsel is sufficient ground for the amendment. (*Kirstein* v. *Madden,* 38 Cal. 158.)   It is right and proper to allow the amendment so that the motion for a new trial may be heard upon its merits.   (*Clark* v. *Rauer,* 1 Cal. App. Dec. 753.)

H. M. Barstow, for Respondent.

No appeal lies from the order in question. (*Melde* v. *Reynolds,* 120 Cal. 234-238, 52 Pac. 491.)   Oversight unexplained is not an excuse.   (*Bailey* v. *Taaffe,* 29 Cal. 425.)

ALLEN, P. J.—Appeal from an order denying the defendant's application for leave to amend proposed statement on motion for a new trial.

Upon the trial of the action in the court below judgment was entered against defendant, and in due time he served his notice of intention to move for a new trial and served and filed his proposed statement on such motion, which statement omitted to specify the particulars wherein the evidence was insufficient to justify the findings, and wherein the decision and judgment was against law, and the errors in law occurring at the trial and excepted to by the defendant. When the settlement of the statement came on for hearing defendant asked leave to amend the proposed statement by filing a supplemental statement setting forth the omissions hereinbefore referred to.   This application was supported by an affidavit of one of the attorneys, "that by reason of an oversight and through press of business affiant omitted to specify in the proposed statement the particulars wherein the evidence was insufficient to justify the findings, wherein the decision and judgment was against law, and the errors

in law occurring at the trial and excepted to by defendant; that said errors and omissions occurred entirely through an oversight and through press of business which caused affiant to overlook said error and omission." The court denied this leave to amend and file supplemental statement, from which order defendant appeals.

It is settled that the order of a court made in the exercise of its discretionary power denying relief of this character is reviewable upon appeal (*Murphy* v. *Stelling,* 138 Cal. 641, [72 Pac. 176]), and in this case such appeal was taken in time. (*Pollitz* v. *Wickersham,* 150 Cal. 138, [88. Pac. 911].) The relief sought by defendant was from the result of mistake, inadvertence and excusable neglect under section 473, Code of Civil Procedure. The court has the power so to relieve, but the granting of such relief rests in the sound discretion of the court. "Whether or not the circumstances of a particular case are such that the mistake or inadvertence should be excused is a question the determination of which must, of necessity, be left largely to the court to which application is made; and it is well settled that this court will not interfere with the exercise of the discretion of that tribunal, except in a case where a clear abuse of discretion is apparent." (*Vinson* v. *Los Angeles Pac. R. Co.,* 147 Cal. 479, [82 Pac. 54].) In this last case, where the affidavit showed that the press of professional duties occasioned the neglect, it was held not an abuse of discretion to grant relief. In this case, however, press of professional duties is not assigned, but press of business, which may comprehend matters foreign to the duties of an attorney, is urged. The whole matter, however, was for the trial court, and we cannot say from the meager affidavit presented and relied upon that the court abused its discretion in denying the relief sought.

The order denying leave to file supplemental statement is affirmed.

Shaw, J., and Taggart, J., concurred.