[Civ. No. 359.   Second Appellate District.—June 18, 1907.]

MANUEL MONTIJO et al., Appellants, v. ROBERT SHERER & CO., Copartners, et al., Defendants; MARK RYAN, Respondent.

JUDGMENT BY DEFAULT—VACATION—NOTICE AND AFFIDAVITS—CONJUNCTIVE FORM OF GROUNDS—CONSTRUCTION—SUFFICIENCY.—The affidavits used on a motion to vacate a judgment by default are not to be construed with the strictness applied to a pleading in matters of form; and the fact that the grounds of the motion are stated conjunctively in the notice and affidavits filed, that "said defendant failed to answer in time through inadvertence, mistake, and ex-

cusable neglect,'' is not material. It is sufficient if the facts proved justify the action of the court in relieving the applicant on the ground of inadvertence, mistake, or excusable neglect.

ID.—SUFFICIENCY OF SHOWING—ACTION FOR FORCIBLE ENTRY—EMPLOY-
MENT FOR ANSWERING DEFENDANT—RELIANCE UPON SUPPOSED
OWNERSHIP—DISCRETION.—Where the moving party was in the employ of a codefendant who answered the complaint, and who informed him that an interurban railway company was the owner of the premises and would take care of the suit, and that he need not bother about it, and that relying thereupon he failed to answer, under the circumstances he had the right to rely upon the statement that the corporation whom he believed was the real party in interest would protect him, and the fact that his employer had answered was a circumstance to be considered by the court, and the court properly exercised its discretion in favor of a trial of the case on its merits.

ID.—AFFIDAVIT OF MERITS—VERIFIED ANSWER.—Although no sufficient separate affidavit of merits was embodied in the affidavits, yet where the verified answer to the complaint was filed with the affidavits, and a copy thereof was served with the notice and affidavits, such verified answer is of itself a sufficient affidavit of merits.

APPEAL from an order of the Superior Court of Los Angeles County, setting aside a judgment by default and granting leave to answer. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Hugh J. Crawford, and William Crawford, for Appellants.

Bicknell, Gibson, Trask, Dunn & Crutcher, and Edward E. Bacon, for Respondent.

TAGGART, J.—Defendant Ryan was an employee of Robert Sherer & Co. and was joined with the members of that copartnership in an action for damages for forcible entry upon premises of which plaintiffs allege themselves to have been the owners and in the actual possession˙ at the time of such entry, to wit, on February 2, 1906, and to and until February 14, 1906, and at divers times between said dates.

Ryan was served with summons February 20, 1906, and the members of Sherer & Co. served on February 21st and 23d, respectively. Sherer & Co. answered, but Ryan failed to do so, and on March 5, 1906, the default of Ryan for

5 Cal. App.—47

not answering was regularly entered, and thereafter, on March 13, 1906, judgment was taken against him as prayed for in the complaint, to wit, for the sum of $1,500 (the same to be trebled) and for costs.

On March 17, 1906, he served notice on plaintiff's attorney of his intention to move the court to set aside the said default and to permit him to answer the complaint filed in the action. The motion was noticed to be made on the records and files in said action and the affidavits of himself and attorney, and his verified answer to the complaint, a copy of which was served with the notice. The grounds specified were that "said defendant failed to answer in time through inadvertence, mistake *and* excusable neglect."

Appellants claim the order granting the motion was error for two reasons: 1. The grounds of the motion are stated conjunctively in the notice and both affidavits filed, and the showing made fails to support the conjoined reasons of inadvertence, mistake *and* excusable neglect; 2. The affidavit of merits is insufficient.

The affidavits are not to be construed with the strictness applied to a pleading in matters of form, and if they show facts to justify the action of the court on the ground of inadvertence, mistake *or* excusable neglect it will be sufficient. By the affidavits and verified answer the following facts are made to appear: That the Los Angeles Interurban Railway Company was the owner and in the peaceable possession of the premises described in plaintiff's complaint at the time of the alleged entry thereon by defendants, or, at least, that Ryan so believed. That Ryan was a laborer in the employ of his codefendants and it was in such employment he went upon said lands. That upon being served he called the attention of his employers to the service of summons upon him, and was told by them that he need not bother about the matter, as the suit would be taken care of by the Los Angeles Interurban Railway Company. That he relied upon such statement and filed no answer. Under the circumstances he had a right to rely upon the statement that the corporation whom he believed to be the real party in interest would protect him. The showing by the affidavit of Attorney Crutcher as to the reasons why he did not answer for defendant Ryan before his appearance to make the motion we do not think material.

The "records and files" upon which the motion was also based are not before us, but it does appear from the affidavit of Albert Crutcher that an answer had been filed on behalf of the defendants Sherer & Co. This was a circumstance that the court should have and no doubt did consider in the exercise of its discretion in the matter. That there were other pleadings before the court raising the same issues of fact as those which the defendant in default asked to have tried in his behalf might well and properly have influenced the court in case of doubt. It was authorized to examine them for the purpose of determining the motion. (*Lakeshore Co.* v. *Modoc Co.*, 108 Cal. 263, [41 Pac. 472].) The discretion of the court in vacating the default and setting aside the judgment, thereon appears to have been liberally exercised with a view to the trial of the case on its merits. This was in accordance with the universal rule. (*Merchants' Co.* v. *Los Angeles Co.*, 128 Cal. 621, [61 Pac. 277].)

Neither of the affidavits filed contains a showing that alone would be sufficient as an affidavit of merits, but the verified answer denies every material allegation of the complaint. This has been held sufficient too often by the supreme court to be considered an open question. (*Fulweiler* v. *Mining Co.*, 83 Cal. 129, [23 Pac. 65]; *Merchants' Co.* v. *Los Angeles Co.*, 128 Cal. 621, [61 Pac. 277]; *Melde* v. *Reynolds*, 129 Cal. 314, [61 Pac. 932].)

Order appealed from affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 17, 1907.