[Civ. No. 389. Second Appellate District.—March 17, 1908.]

## A. LUNNUN, Respondent, v. J. E. MORRIS et al., Appellants.

APPEAL FROM JUDGMENT—BILL OF EXCEPTIONS PART OF JUDGMENT-ROLL—PRESUMPTION.—Upon an appeal from the judgment a bill of exceptions contained in the record is part of the judgment-roll, and is presumed to contain all of the evidence material to the rulings to which exceptions were reserved and which are specified therein; and in such case no intendment can exist in support of the judgment that error therein was caused by evidence not contained in the bill of exceptions.

ACTION OF FORCIBLE ENTRY—ANSWER FILED TOO LATE BEFORE DEFAULT ENTERED—RULE IN CIVIL ACTIONS APPLICABLE.—In an action of forcible entry, where an answer is filed after the expiration of the time limited, the same rule should be applied as in ordinary civil actions, which is that default should not be entered until the answer shall have first been stricken from the files.

ID.—MOTION TO BE RELIEVED FROM DEFAULT IN NOT ANSWERING IN TIME—MISTAKE.—Upon a motion to be relieved from default in failing to file an answer in time, the character of the mistake resulting in the default is to be ascertained by the court from the facts before it, and not from the conclusion of the counsel or the party that the act was a mistake.

ID.—DISCRETION OF COURT—SUFFICIENCY OF EXCUSE.—The question whether or not the circumstances of the particular case are such that the mistake or inadvertence should be excused is one the determination of which must of necessity be left largely to the discretion of the trial court to which the application is made, and its discretion will not be interfered with upon appeal, except where there is a clear abuse of discretion.

ID.—AFFIDAVIT OF MERITS—VERIFIED ANSWER.—A verified answer which denies every material allegation of the complaint is a sufficient affidavit of merits.

ID.—ANSWER AFTER DEFAULT NOT ENTERED.—Where the defendant answers after a default which has not been entered, though out of time, and without leave, his default cannot be entered while the answer stands. Such an answer is not a nullity.

ID.—PRACTICE—MOTION TO STRIKE OUT ANSWER—DISCRETION OF COURT. In such case the proper practice is for the plaintiff to move to strike the answer from the files, though he is not entitled as of

right to have it stricken out. The discretion to do this is lodged in the court, which has absolute power either to retain the answer, or to permit another to be filed, or pursue whatever course the justice of the case may require.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. P. James, Judge.

The facts are stated in the original opinion of the court, rendered September 24, 1908.

H. C. Millsap, and E. C. Bower, for Appellants.

H. L. Dunnigan, and Haas, Garrett & Dunnigan, for Respondent.

TAGGART, J.—An action in forcible entry. The statement of facts in this case will be found in the decision rendered by this court September 24, 1907, *post* p. 713. We are satisfied with the views expressed in that opinion, except what is said as to the intendment declared to exist in support of the judgment.

The bill of exceptions contained in the record was treated as if entitled to be considered only in connection with the motion of appellant for relief under section 473 of the Code of Civil Procedure on the ground of mistake. In this we overlooked the fact that it was a part of the judgment-roll, and the presumption which, under such circumstances, attached to it, to wit, that it contained all the evidence material to the rulings to which exceptions were reserved and specified therein. This presumption rendered it unnecessary that it should negative the introduction of other evidence bearing upon the point to be considered. (*Hidden* v. *Jordan,* 28 Cal. 301; *Bedan* v. *Turney,* 99 Cal. 652, [34 Pac. 442].) The bill of exceptions when settled became a part of the judgment-roll (Code Civ. Proc., sec. 950), and the court's record of its own acts, and an appellate court could no more assume that error appearing therein was cured by some matter which is not contained in the bill than it could consider matters outside of the roll for the purpose of impeaching the correctness of the judgment. The oversight mentioned resulted in an erroneous conclusion and the entry of an improper order by this court.

Respondent, upon the rehearing, again urges that a distinction should be drawn between an action of forcible entry and an ordinary civil action in considering the question presented by the appeal. The question is one of practice, and, unless otherwise provided in the chapter relating to forcible entry and unlawful detainer, must be determined by the general rules of practice in civil actions. (Code Civ. Proc., sec. 1177.) The particular question here involved is not covered by a statutory rule relating to either class of cases. An answer was filed after the expiration of the time provided by law. It was not stricken out before default was entered. The power to enter judgment does not depend in either case upon the entry of the default. Jurisdiction to enter the judgment is acquired by service of process in both cases, and the defendant in either may, at the discretion of the court, be relieved from a default and permitted to answer after the expiration of the time given by statute for that purpose. A reason from which a distinction might be drawn on account of the summary character of the action is apparent, but the statute provides that the general rule shall be followed in all instances for which express provisions are not made in the chapter relating to the special proceeding. In the absence of the special provision, we must be governed by the general rule declared in an ordinary civil action, which is that the default should not be entered until the answer shall have first been stricken from the files. (*Bowers* v. *Dickerson*, 18 Cal. 420; *Acock* v. *Halsey*, 90 Cal. 216, [27 Pac. 193]; 6 Ency. of Pl. & Pr. 82, 85.) A note under the last citation distinguishes the rule in the state of New York (from which cases are cited by appellant), as not being in accord with this, but the New York rule is stated as the exception. No decision in this state has been called to our attention which modifies the effect of *Bowers* v. *Dickerson*, 18 Cal. 420, as an authority on this question.

Judgment reversed and cause remanded.

Allen, P. J., and Shaw, J., concurred.

The following is the opinion rendered upon the former hearing, September 24, 1907, which was approved in the foregoing opinion with the exception therein stated:

TAGGART, J.—This is an action of forcible entry under section 1159, Code of Civil Procedure, and the appeal is by defendants from a judgment in favor of plaintiff.

Complaint was filed December 20, 1906, and summons thereupon issued directing the defendants to appear and answer on or before December 26, 1906. On the latter date attorneys for defendants served plaintiff's attorneys and filed with the clerk notice of their appearance for defendants. On the same day an order of court was made giving them three days in addition to the time fixed in the summons in which to plead. On the thirty-first day of December, 1906, and prior to any other or further proceedings in the case, defendants filed with the clerk of the court their verified answer. At the time of such filing no default had been taken against defendants or either of them. Thereafter, and on the same day, and when plaintiff's attorneys were in court and about to proceed with the introduction of testimony in said action, they were served with a copy of the said answer so filed as above stated. Attorneys for defendants thereupon called the attention of the court to the filing of the answer and objected to the introduction of any testimony, for the reason that the case was at issue and had not been regularly set for trial, and that they had no notice of trial under section 594 of the Code of Civil Procedure.

Plaintiff asked that the default of defendants be entered and that the testimony of plaintiff's witnesses be heard, upon the ground that the time for the filing and serving of said answer had expired before the same had been filed. Defendants then asked leave of the court to prepare motion, affidavits, etc., upon an application to be relieved from the failure to serve and file their answer within the time allowed by law, on the ground of mistake, inadvertence and excusable neglect of defendants' counsel. By consent, the attorney for defendants made a statement in open court of the facts upon which he based said motion for relief and introduced the verified answer as an affidavit of merits. His statement was accepted as true for the purpose of the motion, and, together with said answer, appears in the bill of exceptions in the record.

The evidence on behalf of plaintiff in the cause was then heard and the objection and motion of defendants taken under submission, and thereafter, on the second day of Jan-

uary, 1907, the objection was overruled and the motion denied.

Judgment by default in favor of plaintiff for the recovery of the premises was filed January 5, 1907, and the recital in this judgment shows that it was made upon a hearing had on December 31, 1906, at which time evidence was introduced on behalf of plaintiff. The above-mentioned appearance of defendants, the extension of time to plead and their failure to answer within said time are recited in the judgment.

In the consideration of the application for relief from the consequences of the mistake and inadvertence of counsel, all the circumstances surrounding the parties and the litigation as shown by the papers were before the court and were proper matters for it to weigh in reaching a conclusion. (*Lakeshore* v. *Modoc*, 108 Cal. 263, [41 Pac. 472] ; *Montijo* v. *Sherer*, 5 Cal. App. 736, [91 Pac. 261].) It does not clearly appear from the bill of exceptions whether or not evidence on the part of plaintiff was heard on the motion. If there was, it is not stated. The language of the bill in this respect is as follows: "The verified answer of the defendants was read and used as and for an affidavit of merit. Whereupon the court stated that the evidence of plaintiff would be heard, and the objection and motion would be submitted." The real inadvertence or mistake of counsel consisted of having on Friday, December 28, 1906, informed his associate, who was to prepare, serve and file the answer in the case, that the answer must be filed December 31, 1906, instead of December, 29, 1906. His reason given for doing this is that when telephoning to plaintiff's attorneys for an extension of time to plead, on December 26th, he made the entry on his office diary under the date of December 28th, "Last day to plead in case of *Lunnun* v. *Morris et al.*," and when asked by his associate when the answer was due, looked at his office diary and computed the time allowed by the order of the court (three days) from December 28th, instead of December 26th. There is nothing in the statement from which the court could determine that this information was not given by counsel with full knowledge that the three days terminated December 29th, and not December 31st, except his characterization of it as a mistake in the statement. This the court might well regard as not sufficient. The character of the mistake is to be ascertained by the court from

the facts before it, and not from the conclusion of counsel or party that the act was a mistake. (*Shearman* v. *Jorgensen,* 106 Cal. 484, [39 Pac. 863].) Even if there was no showing upon plaintiff's part, which does not seem clear from the record, we cannot say that the trial court abused its discretion in denying the motion. Whether or not the circumstances of a particular case are such that the mistake or inadvertence should be excused is a question the determination of which must of necessity be left largely to the court to which application is made, and it is well settled that an appellate court will not interfere with the exercise of the discretion of that tribunal, except in a case where a clear abuse of discretion is apparent. (*Freeman* v. *Brown,* 5 Cal. App. 516, [90 Pac. 970]; *Vinson* v. *Los Angeles P. R. Co.,* 147 Cal. 483, [82 Pac. 53].) While this discretion is best exercised when it tends to bring about a judgment on the merits, it would cease to be a discretion if it could only be exercised to this end.

The answer denies every material allegation of the complaint, and is a sufficient affidavit of merits. (*Montijo* v. *Sherer,* 5 Cal. App. 736, [91 Pac. 261]; *Melde* v. *Reynolds,* 129 Cal. 314, [61 Pac. 932].)

The application was not made for leave to file the answer. That had already been filed by the clerk when the default was entered. While there are jurisdictions in which it has been held that an answer filed after the time limited by the statute, without leave of the court, may be disregarded as a nullity (6 Ency. of Pl. & Pr. 86), the general rule, and that adopted by the supreme court of this state in ordinary civil actions, appears to be, that, where a party pleads before default entered, though out of time or without leave, if the plea be good in form and substance, his default cannot be entered while the plea stands. The proper practice in such case is to move to strike the plea from the files. (6 Ency. of Pl. & Pr. 82, 85; *Bowers* v. *Dickerson,* 18 Cal. 420; *Acock* v. *Halsey,* 90 Cal. 216, [27 Pac. 193].)

The entry of the default is not a step in acquiring jurisdiction, but an act done after jurisdiction has been acquired by the court. (*Sichler* v. *Look,* 93 Cal. 608, [29 Pac. 220].) The purpose of the entry of default is to limit the time during which the defendant may file his answer (*Drake* v. *Duve-*

*nick,* 45 Cal. 463), but such entry is not necessary in order that the court may enter a judgment against the defaulting party. The power to enter judgment depends solely upon the court having acquired jurisdiction by proper service of process, on the defendant, or his appearance, and, the failure of its ministerial officer to enter up a default, like such failure to make proper return of service of process, in no way affects the power of the court to act. (*Hibernia* v. *Matthai,* 116 Cal. 426, [48 Pac. 370] ; *Herman* v. *Santee,* 103 Cal. 523, [42 Am. St. Rep. 145, 37 Pac. 509].)

Not only is the answer filed after time not a nullity, but the plaintiff is not as a matter of right entitled to have it stricken from the files. The discretion to do this is lodged in the court, which has absolute power either to retain the answer or permit another to be filed, or pursue whatever course in that respect the justice of the case may require. (*Bowers* v. *Dickerson,* 18 Cal. 420.)

There is nothing in the bill of exceptions to show that any motion was made to have the answer stricken from the files, nor does it appear that the court of its own motion did this. Neither is there anything in the record to negative this; that is, to show that no such motion was made or that such action was not taken. The bill of exceptions contains merely the recital that ''the following proceedings were had therein.'' It nowhere appears that the proceedings displayed and the action taken were *all* the proceedings had or acts done. In the absence of such showing, the presumption must be in favor of the court having done every act necessary to sustain the judgment. In support of the judgment all proceedings necessary to its validity will be presumed to have been regularly taken, and any matters which might have been presented to the court below, which would have authorized the judgment, will be presumed to have been thus presented, if the record shows nothing to the contrary. (*Von Schmidt* v. *Von Schmidt,* 104 Cal. 547, [38 Pac. 361].)

This holding renders it unnecessary for us to determine whether any distinction is to be drawn in this respect between the rules of practice in ordinary civil actions and summary proceedings in forcible entry. Presuming, then, in support of the judgment that the answer filed was stricken from the files before the default judgment was rendered, the

record shows no reversible error, and the judgment should be affirmed.

Judgment affirmed.

Allen, P. J., and Shaw, J., concurred.