## BUCKNELL v. ARCHER et al.

A deficiency judgment obtained by default in a foreclosure against a corporation and certain individual defendants was not docketed against the individual defendants for about seven years after it was rendered. A short time thereafter, plaintiff caused notice of motion for leave to issue execution against the individual defendants. On a motion by such defendants to vacate the judgment and permit them to answer, they presented affidavits that the

mortgage and the accompanying notes were executed by them only as directors of the corporation, and not individually; that, when the summons in the action was served, they were informed by the officer that the action was to foreclose the mortgage, and that no personal claim was made against them; that no money demand summons or notice of the entry of the personal judgment was ever served; and that the first knowledge they had that such a judgment was rendered was when the notice of motion for leave to issue execution was served. They also presented their proposed answer, alleging that they were not individually liable on the notes and mortgage. **Held,** that the court did not abuse its discretion in vacating the judgment, and permitting the defendants to appear and answer.

(Opinion filed, April 2, 1912.   Rehearing denied June 29, 1912.)

Appeal from Circuit Court, Grant County.   Hon. FRANK McNULTY, Judge.

Action by John Bucknell against B. P. Archer and others. From an order vacating a judgment for plaintiff, and giving certain defendants leave to serve and file answers, plaintiff appeals. Affirmed.

*J. J. Batterson* and *Howard Babcock,* for appellant.   *Thomas L. Bouck* and *George S. Rix,* for respondent.

CORSON, J.   This is an appeal by the plaintiff from an order vacating and setting aside a judgment, and granting the defendants leave to serve and file an answer.   The only question we shall consider in the case is: Did the trial court abuse its discretion in vacating and setting aside said judgment, and granting the defendants leave to serve and file an answer therein?   It is disclosed by the record that this action was commenced in August, 1903, by the service of a relief summons in the usual form which was personally served upon defendants Archer and Williams within said county of Grant by one Jennings, deputy sheriff of that county, in September, 1903, and was personally served on the defendant Kinney at Summit, Roberts county, in August, 1903, by one Crawford, sheriff of Grant county.   The complaint which was duly filed in the office of the clerk of said circuit court was in the usual form in foreclosure actions, and concluded with a demand for judgment against said defendants for $1,500, with interest from June 21, 1899, and costs, that said judgment be decreed to be a valid first lien upon the premises described in the

complaint, and that the mortgaged premises be sold in the manner provided by law, and that the proceeds be applied upon the costs of the sale and upon said judgment, and that the defendants be adjudged to pay any deficiency remaining after the applying of the proceeds of the sale of the mortgaged premises upon such judgment. It is further disclosed by the record that, all of the defendants failing to appear or answer, the case was brought on for hearing on November 20, 1903, and due proof of personal service upon the defendants and of the default of all of them was made, and the court after hearing the testimony and proofs made findings of fact and conclusions of law; that, in accordance with such findings and conclusions of law, judgment was rendered by the court in favor of the plaintiff, and against said defendants for the aggregate sum of $2,242.83, adjudging the same to be a lien upon the mortgaged premises, and directing the sale of said premises in the usual form, and that judgment for any deficiency should be entered against the said defendants; that execution was issued on said judgment in April, 1904, and the sale of the mortgaged premises made for the sum of $1,350, leaving a deficiency of $1,035.40 remaining unsatisfied; that the sheriff's return was approved by the court on June 2, 1904, and an order confirming the same was filed in the office of said clerk on June 3, 1904. It is further disclosed by the record that the judgment for deficiency against the defendants other than the creamery association was not docketed by the clerk of the circuit court until on or about April 11, 1911, a short time before the plaintiff caused notice of motion for leave to issue execution upon said judgment to be served on the defendants Archer, Williams, Kinney, and others, which motion was brought on for hearing before said court on May 9, 1911, but was never acted upon by the court, and no order was made thereon by the court. Immediately thereafter defendants Williams, Archer, and Kinney moved the court for an order vacating the judgment in said action as to them, and permitting the said defendant to appear and answer therein. This motion was made upon affidavits of the three moving defendants, and was heard by the court on the 26th day of May, 1911, and thereafter,

on the 3d day of June, 1911, the court made the order appealed from.

The affidavits of Williams and Archer, after referring to the files of the court, state, in substance, that they and each of them, together with L. Stiles, A. O. Houg, T. L. Kinney, M. W. Cross, and H. Davidson, were the board of directors of the Marvin Creamery Association on the 15th day of November, 1897, when said mortgage sought to be foreclosed in this action was executed by them as such directors to secure the sum of $1,500 according to the tenor of three certain promissory notes in said amount, which are more fully described in said mortgage, a copy of which is thereto attached and made a part of the affidavit; that said notes described in said mortgage for which the same were given to secure were also signed and executed by them as. directors of said defendant, the Marvin Creamery Association, and not otherwise, for an indebtedness of said creamery association, a corporation under the laws of this state, and not for any indebtedness of these defendants or any of the other defendants in said action or of the persons who signed said notes; that said notes showed upon their face that the same were signed by them as officers of said corporation and not as individuals, and that said notes were given for an indebtedness of said corporation, and not for an indebtedness of any of the defendants; that affiants have caused search to be made in the office of the clerk of the court to find said notes, but have been unable to do so, and also requested the plaintiff's attorney in said action to make such search, and have been informed by him that said notes cannot be found, and by reason and on account of their inability to find said notes the same are not produced. Affiants say, further, that a copy of the summons in said action for the relief demanded in the complaint thereafter to be filed in said action was served upon them by W. Jennings, deputy sheriff of said Grant county, and that, when said summons was so served upon them, they were informed by said Jennings that said action was being brought by the plaintiff to foreclose a mortgage against the property of said Marvin Creamery Association, and that, as he understood it, no personal claim or judgment was asked or sought against these defendants or any of the other

defendants therein, except said association, and these executed it as directors as aforesaid, and knowing that default had been made in the conditions thereof, thought it unnecessary to make or attempt to make any defense for said association, and having been told, and honestly believing, that said action was brought for the purpose of foreclosing said mortgage only, and that these defendants were served as officers of said corporation, they made no effort whatever to defend said action, and allowed the judgment in foreclosure to be taken against said association by default; that no money demand summons was ever served in said action upon these affiants or either of them, nor have said affiants ever seen the complaint that was filed in said action upon which said judgment was claimed in said action against said affiants or either of them before the rendition of said judgment or before the time that the notice for leave to issue execution was served upon them on the 19th day of April, 1911; that the judgment and decree of foreclosure of said mortgage was filed and docketed in the office of the clerk of the circuit court of said Grant county on the 23d day of February, 1904, against said Marvin Creamery Association only, and the same was not docketed against these affiants or against any of the other defendants, except the Marvin Creamery Association, until the 11th day of April, 1911; that no notice of the entry of said judgment was ever served upon these affiants or upon either of them, and the first knowledge or information that either of these affiants ever had that a personal judgment or judgment of any kind or character had been rendered or entered against them in said action in favor of said plaintiff, or otherwise, or that said plaintiff sought to hold them personally and individually on the indebtedness secured by said mortgage, was when the notice for leave to issue execution was served upon them on the 19th day of April, 1911. Annexed to said affidavit is a part of the mortgage attached to the complaint as an exhibit which reads as follows: "This indenture, made this fifteenth day of November, A. D. 1897, between the Marvin Creamery Association, through its legally elected board of directors, of the county of Grant, and state of South Dakota, parties of the first part, and John Bucknell

of Fillmore county, in the state of Minnesota, party of the second part, witnesseth. * * *"

The affidavit of T. L. Kinney contained substantially the same statement, with the exception that service was made upon him by A. K. Crawford, sheriff of Grant county, in the county of Roberts, and stated that said Crawford made similar statements to the said Kinney as were made by the deputy sheriff to the other two defendants.

The defendants also presented to the court their answer, which, after admitting certain allegations of the complaint as to the ownership of the mortgage by the plaintiff and the default of the creamery association to pay the indebtedness claimed to be due upon said notes, alleges as follows: "These defendants, further answering, allege that at the time of the execution and delivery of the notes and mortgage mentioned in the complaint that they and the defendants L. Stiles, A. O. Houg, H. Davidson, and M. W. Cross were members of the board of directors of the defendant Marvin Creamery Association, and that they executed said notes and mortgages as officers of said defendant Marvin Creamery Association for said defendant Marvin Creamery Association, and not otherwise, as the plaintiff then well knew, and said notes were so given by said defendant Marvin Creamery Association to evidence an indebtedness of it to the plaintiff and said mortgage was given upon the property of the said defendant Marvin Creamery Association to secure said indebtedness, and none of these defendants were at the time of the execution of said notes and mortgage notes and mortgage indebted to the plaintiff as alleged in the complaint or in any sum or amount at all, and never have been indebted to the plaintiff in any sum or amount whatever." It will thus be seen that the defendants claimed that the mortgage and notes constituting the grounds of said action were executed by them as directors of the said association only, and that they executed the same only in their capacity as such directors, and their theory that they so executed the notes and mortgage as directors only seems to be to some extent at least supported by the portion of the mortgage hereinbefore referred to, annexed, and made a part of the complaint. The notes unfortu-

nately have been either lost or mislaid, but we have the positive allegation in the answer that they (the defendants) executed said notes and mortgage as officers of said defendant Marvin Creamery Association for said Marvin Creamery Association, and not otherwise.

· While the defendants were not fully justified in relying upon the statements made to them by the officers serving the summons in the action in not employing counsel to make a defense for them in the case, we are clearly of the opinion that the trial court did not abuse its discretion, in view of all the circumstances disclosed by the record, the affidavits, and the statements of the officers serving the summons, in granting the defendants' motion to vacate and set aside the judgment, and in granting them leave to answer. It is quite apparent from the record and the failure of the defendants to consult counsel and interpose a defense to the action that they honestly believed that the action was against the creamery association only, and that they were simply named as defendants by reason of their being officers of said association, and this belief was strengthened by the positive statements of the officers serving the summons that the action was against the corporation, and that no claim was made against them individually. So far as the record discloses, there was no denial on the part of the officers as to the statements alleged to have been made by them at the time of the making the service of summons.

In the case of Rosebud Lumber Co. v. Serr, 22 S. D. 389, 117 N. W. 1042, this court said: "The second ground for vacating and setting aside the judgment is addressed to the sound judicial discretion of the trial court, and the exercise of that discretion will not be reviewed by this court, except in cases where there has been a clear abuse of such discretion, and a much stronger case must be made as to the abuse of such discretion where a court has granted the motion than in a case where the motion has been denied. Bigler, Executor, v. Baker, 40 Neb. 325, 58 N. W. 1026, 24 L. R. A. 255; Griswold Linseed Oil Co. v. Lee, 1 S. D. 531, 47 N. W. 955, 36 Am. St. Rep. 761; Searles v. Christenson, 5 S. D. 658, 60 N. W. 29; Montijo v. Robt. Sherer Co., 5 Cal. App. 736, 91 Pac. 261. The rule applicable to this class of cases was

after a full consideration stated in Griswold Oil Co. v. Lee, supra:
'The. provisions of section 4939, Comp. Laws, conferring upon
courts the power to "relieve a party from a judgment taken
against him through his mistake, inadvertence, surprise, or ex-
cusable neglect," are liberal in their terms, remedial in their char-
acter, and were designed to afford parties a simple, speedy, and
efficient relief in a most worthy class of cases, and this power
should be exercised by courts in the same liberal spirit in which
they were designed, in furtherance of justice and in order that
cases may be tried and disposed of upon their merits.'" Smalley
v. Lasell, 26 S. D. 239, 128 N. W. 141; Minnesota Thresher Mfg.
Co. v. Holz, 10 N. D. 16, 84 N. W. 581. In 15 Enc. of Plead.
& Prac. 281, the law is thus stated: "An application to open or
vacate a judgment is addressed to the sound legal discretion of
the court, and the court's exercise of such discretion, either in
granting or refusing the application to open or vacate, will not be
disturbed on appeal unless it clearly appears that the court has
abused its discretion or has acted arbitrarily or oppressively." In
23 Cyc. 895, the law applicable to this class of cases is thus stated:
"A motion to vacate or set aside a judgment is addressed to the
sound legal discretion of the trial court on the particular facts of
the case. And consequently its determination will not be dis-
turbed on appeal unless it is plain that its discretion has been
abused." In Pearson v. Drobaz Fishing Co., 99 Cal. 425, 34 Pac.
76, the learned Supreme Court of California held as appears by
the headnote that: "Applications for the setting aside of judg-
ments procured without a trial in the case by the adverse party
are addressed to the sound legal discretion of the court, and
should be disposed of by it as substantial justice may require,
and this result will be best attained by a trial upon the merits, and
neither of the parties should be deprived of such a trial, except
when guilty of inexcusable negligence, and doubts should be re-
solved in favor of the application, though its allowance should be
upon terms and conditions imposed by the party in default, as the
circumstances may warrant."

    While the judgment of a court of competent jurisdiction is
ordinarily conclusive as against the parties thereto on a collateral

attack, yet, when attacked directly by a motion to vacate and set aside the same and for leave to answer, the court before which such a motion is made necessarily exercises a large judicial discretion, and in considering the case fully reviews all of the circumstances connected with the judgment and the manner in which the same was obtained. And, where the court in the exercise of such discretion grants the motion, this court will ordinarily be very reluctant to reverse the decision of the trial court in granting the same.

We wish it distinctly understood that on this appeal we express no opinion as to the merits of the case except that the proposed answer states a meritorious defense if sustained by the evidence, and that, under the facts disclosed by the record, there was no abuse of the court's discretion in granting the order appealed from. It may further be stated that it is not claimed by the defendants or their counsel that the plaintiff's counsel was guilty of any improper practice or did any act in the premises not believed by him to be strictly proper under his theory of the case, that the defendants were personally liable for the payment of any deficiency judgment.

The order of the trial court vacating and setting aside the judgment and granting the defendants leave to answer is affirmed.