[Civil No. 1941.  Filed November 28, 1922.]

[210 Pac. 470.]

ELOISA GUTIERREZ, Appellant, v. FABIAN
ROMERO, Defendant; CONSOLIDATED NA-
TIONAL BANK OF TUCSON, a Corporation,
and SECURITY BANK & TRUST COMPANY,
a Corporation, Garnishees, Appellees.

1. GARNISHMENT — FAILURE TO ANSWER GARNISHMENT HELD NOT
   THROUGH "MISTAKE," "INADVERTENCE," "SURPRISE," OR "EXCUS-
   ABLE NEGLECT."—Unintentional omission to answer writ of garnish-
   ment because it was "misplaced and inadvertently overlooked" is
   not "mistake, inadvertence, surprise or excusable neglect," as those
   terms are defined by the courts and used in Civil Code of 1913,
   paragraph 600, authorizing relief against default.

2. GARNISHMENT—DEFAULT JUDGMENT AGAINST GARNISHEE NOT WAR-
   RANTED AFTER TARDY ANSWER FILED.—The judgment authorized
   by Civil Code 1913, paragraph 1439, against garnishees for
   failure to answer the writ within the proper time, is not war-
   ranted when at the time of its entry a good answer, though some-
   what tardily filed, is at hand.

3. GARNISHMENT—CLERK'S UNAUTHORIZED DEFAULT JUDGMENT AGAINST
   GARNISHEE DOES NOT AFFECT RIGHT TO ANSWER.—The clerk's
   power to enter default judgment in certain cases, granted by
   Civil Code of 1913, paragraphs 563, 564, being purely statutory,
   may not be extended to include cases not intended; and a default
   judgment against a garnishee is unauthorized, and does not
   affect the right to answer.

4. GARNISHMENT—TARDY ANSWER HELD "GOOD CAUSE" WARRANTING
   RELIEF AGAINST SUBSEQUENT DEFAULT JUDGMENT.—The fact that
   a tardy, though good, answer had been filed by a garnishee be-
   fore entry of a default judgment against him *held* "good cause"
   within the meaning of Civil Code of 1913, paragraph 600, authoriz-
   ing relief against default judgments, orders, or proceedings,
   "arising through mistake, inadvertence, surprise or excusable
   neglect or for other good cause shown."

5. GARNISHMENT—RULE FOR SETTING ASIDE DEFAULT JUDGMENT MORE
   LIBERALLY CONSTRUED AGAINST GARNISHEE THAN DEFENDANT.—
   The rule for setting aside default judgments should be much more
   liberally construed against a garnishee who has defaulted in an-
   swering the writ than against the defaulting defendant.

APPEAL from a judgment of the Superior Court of the County of Pima. Samuel L. Pàttee, Judge. Affirmed.

## STATEMENT OF FACTS.

The appellant, as plaintiff, having on June 30, 1920, obtained a judgment in the superior court of Pima county, Arizona, for $12,500 against Fabian Romero, as defendant, on August 25, 1920, in said action, made in proper form, application for writ of garnishment against the Consolidated National Bank of Tucson and the Security Bank & Trust Company of Tucson, among others. The writ issued August 26th, and on the same day was returned by the sheriff of Pima county showing proper service upon said garnishees. On September 9, 1920, upon application of appellant, the clerk of the court made a minute entry, reciting the failure of the garnishees, Consolidated National Bank and Security Bank & Trust Company, to appear and answer within the time allowed by law, and entered their default. February 9, 1921, the date the garnishees first obtained actual knowledge of the default, they filed their motions, supported by affidavits, to have the default entered by the clerk set aside, the affidavits setting forth that neither bank, on the twenty-sixth day or since, was indebted to Romero, and had no effects on said date, or since, belonging to him, and denied knowledge of any other person or persons owing him or having effects belonging to him. March 2, 1921, motions to set aside default were by the court set for hearing March 5th. On March 3d the court entered judgment for the appellant against garnishees for $12,535.45, being full amount of judgment against Romero, with costs. March 4th amended motions to set aside the default entered by the clerk and the default judgment entered by the court were filed. These motions,

original and amended, were heard on March 5th, and taken under advisement until March 8th, when an order was made granting motions to vacate default and judgment. Appeal is from this order. The officers of the two garnishee banks whose affidavits were filed in support of motions to set aside default and judgment gave as excuses for not answering the writ within the ten days allowed by law that the writs were misplaced and inadvertently overlooked, and that the failure to answer was not intentional.

Mr. L. W. Jaycox and Mr. James D. Barry, for Appellant.

Mr. Francis M. Hartman and Mr. Paul J. Cella, for Appellee Consolidated National Bank of Tucson.

Messrs. Kingan, Campbell & Conner, for Appellee, Security Bank & Trust Co.

ROSS, C. J. (After Stating the Facts as Above.)— It is the contention of appellant, and this contention is the sole basis of her assignments, that the showing of appellees on their application to vacate does not make out a case of mistake, inadvertence, surprise or excusable neglect, or one of good cause shown, and that the court abused its discretion in granting the motion to set aside the default judgment. Paragraph 600, Civil Code of 1913, authorizes the court to relieve from a judgment for mistake, inadvertence, surprise or excusable neglect, or for good cause shown, to modify or set aside a judgment, order or other proceedings. A casual reflection on the showing made by garnishees is enough to reject it as insufficient to bring them within the first grounds enumerated by the statute. The omission to answer the writ within the time allowed by law was not "mis-

take, inadvertence, surprise or excusable neglect'' as those terms have been defined by the courts. *Lynch* v. *Arizona Enterprise Min. Co.,* 20 Ariz. 250, 179 Pac. 956; *Missouri, K. & T. R. Co.* v. *Ellis,* 53 Okl. 264, L. R. A. 1916E, 100, 156 Pac. 226; *Marsh* v. *Griffin,* 123 N. C. 660, 31 S. E. 840.

In this case, however, at the time the court entered judgment against the garnishees, there were on file their answers, in connection with the motion to vacate the so-called default, categorically answering the interrogatories of the garnishment writs, showing no liability. In other words, the court had before it, although filed somewhat tardily, a meritorious answer, and one relieving the garnishees, if uncontroverted, from all liability, at the very time the default judgment was entered. An examination of the garnishment statute (paragraph 1439, Civ. Code) will convince one that the power to enter default of a garnishee is placed with the court and not the clerk. The statute is as follows:

''Should the garnishee fail to make answer to the writ within the time specified in the writ, it shall be lawful for the court, at any time after judgment shall have been rendered against the defendant, to render judgment by default against such garnishee for the full amount of such judgment against the defendant, with all accruing interest and costs.''

The clerk may, in the instances mentioned in another part of the Civil Code (paragraphs 563, 564), enter the default of a defendant failing to appear and answer within the time specified in the summons, but this power is purely statutory, and may not be extended to include cases not intended. Since the clerk had no authority under the law to enter the default, his doing so could have had no effect on the right of the garnishees to answer.

Although the garnishees had not answered within the time specified in the writs, they had answered at the time the power of the court was exercised to render judgment by default, and the answers contained perfect defenses. Under a strict construction of paragraph 1439 the court perhaps was not in error in entering judgment, but since no order had been made striking the answers, and since the judgment was entered before the date fixed to hear the motion to set aside the so-called default, it may be reasonably assumed that the judgment was entered with the mental reservation by the court that upon the hearing of the motion to vacate, if good cause was shown on said motion, the default judgment could also be set aside. At all events this was what was done. We think the fact of a meritorious answer being on file at the time judgment was entered was and should have been treated as "good cause," in fact and in law, to have refused judgment, and after its entry to set it aside.

In *Bowers* v. *Dickerson,* 18 Cal. 420, the effect of filing an answer after the time allowed by law, but before default had been entered, was involved. The court there said:

"It was, perhaps, not strictly regular to file the answer after the time for answering had expired without leave of the court; but as the default of the defendant had not been entered, we think the filing was not a nullity. It was at most a mere irregularity, for which the answer might have been stricken out, but on account of which the plaintiff was not entitled to have it set aside, unless the court, in the exercise of its discretion, deemed such to be the proper course. The whole proceedings were *in fieri,* and our opinion is that the court had absolute power either to retain the answer or to permit another to be filed, or to pursue whatever course in that respect the justice of the case required. A defendant cannot for these purposes be considered in default until his default has been actually entered in accordance with the statute."

This case has been followed and approved in *Acock* v. *Halsey,* 90 Cal. 215, 27 Pac. 193; *Lunnun* v. *Morris,* 7 Cal. App. 710, 95 Pac. 907.

In 15 R. C. L. 665, section 113, it is said:

"A judgment by default cannot be entered for failure to file an answer when such answer is on file at the time such default is attempted to be entered."

In support of this proposition there is cited *Reher* v. *Reed,* 166 Cal. 525, Ann. Cas. 1915C, 737, and note, 137 Pac. 263. An examination of the note to the above case will show that a number of the states adhere to the rule announced, perhaps most of them.

However that may be, we think the rule of setting aside judgments against a garnishee should be very much more liberally construed than where the default is by a defendant. In the latter case the plaintiff in his complaint charges the defendant with being indebted to him, whereas the garnishee is not claimed to be indebted to the plaintiff, but is summoned to appear in court and give information as to whether he is indebted to the defendant or not, and for the purpose of assisting the plaintiff in discoverng effects of the defendant that may be subjected to payment of plaintiff's claim.

Waples on Attachment and Garnishment, second edition, section 501, states the rule as follows:

"The court should be even more liberal in allowing the belated garnishee to answer after default than in granting the privilege to an ordinary suitor defaulter, since he is a disinterested party in the proceedings, so far as any prospect of being benefited is concerned, yet an interested third person so far as the danger of being injured is concerned."

To the same effect see the following cases: *McConnell* v. *Margulies,* 39 S. D. 563, 165 N. W. 990; *Evans* v. *Mohn,* 55 Iowa, 302, 7 N. W. 593; *First State Bank* v. *Krenelka,* 23 N. D. 568, 137 N. W. 824.

According to the showing made by the appellee garnishees, both in their motions to vacate and in their answers, they were not indebted to Romero, and did not have in their possession any effects belonging to him, and had no knowledge of anyone who was indebted to him or had effects belonging to him. While they did not exercise the care and diligence that should have been exercised, we think it would be an extremely severe penalty, for a mere oversight or inadvertence, to compel them to pay the plaintiff over $12,500. Under a rule of the lower court they were required to pay the appellant all costs and $200 attorney's fees before the order vacating the judgment became effective.

We find no prejudicial error and the order of the lower court vacating the judgment is affirmed.

McALISTER and FLANIGAN, JJ., concur.