[Civ. No. 1914.  First Appellate District.—January 31, 1917.]

BANK OF HAYWARDS (a Corporation), Respondent, v. WALTER H. KENYON, Appellant.

PLEADING — LATE FILING OF ANSWER — ORDER STRIKING FROM FILES — ABUSE OF DISCRETION.—An order striking an answer from the files for failure to file the same within the time allowed by the court upon the overruling of the demurrer to the complaint is an abuse of discretion, where the pleading was filed but one day late, and set forth a· meritorious defense, and the plaintiff made no move to strike it from the files until one month after it was filed.

ID.—ANSWER FILED AFTER TIME—STRIKING FROM FILES—DISCRETION.— An answer filed late is an irregularity and not an absolute nullity, which the plaintiff, as a matter of strict legal right, is entitled to have stricken from the files, but such a case is one for the exercise of judicial discretion in view of all the facts and in the promotion of justice.

ID.—EXTENSION OF TIME BY CONDUCT.—When a party, after the time expressly granted for filing a pleading against him has expired, suffers further time to elapse without taking any action thereon, and in the meantime the pleading is served and filed, he, by such conduct, in effect grants the additional time, and the party is not strictly in default.

ID. — ENTRY OF DEFAULT — PRIVILEGE. — The entry of the defendant's default is no more than a privilege which may or may not be exercised by the plaintiff, and when it has not been taken advantage of before the defendant files his answer he cannot be regarded strictly as in default.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order striking out an answer and ordering default and judgment and from an order denying a motion to vacate the judgment.  William H. Waste, Judge.

The facts are stated in the opinion of the court.

J. W. Dignan, and Clarence E. Todd, for Appellant.

F. I. Lemos, and Byrne & Lamson, for Respondent.

KERRIGAN, J.—This is an appeal by Walter H. Kenyon, one of the defendants, from an order of court striking out his separate answer and ordering default and judgment in favor

of plaintiff and against said defendant; from the judgment entered and from an order denying said defendant's motion to vacate the order and set aside the judgment.

The facts of the case may be stated in a few words: Upon motion of the plaintiff the trial court struck from the files the answer of the appellant Walter H. Kenyon, and ordered judgment by default to be entered, for the reason that said answer had not been filed within the time allowed by the court upon overruling the demurrer of said Kenyon to the complaint, although it had been served in time and was but one day late in being filed. Appellant moved the court to set aside its order and judgment, striking his answer from the files and ordering judgment by default to be entered against him, upon various grounds, in which, however, was no claim that the delay in the filing of the answer was the result of inadvertence, mistake, or excusable neglect. This motion was denied by the court.

We cannot agree with the contention of plaintiff that the answer of said defendant having been filed late and without permission of the court, the court was bound, upon motion, to strike the same from the files. An answer filed late is an irregularity and not an absolute nullity, and the plaintiff was not, as a matter of strict right, entitled to have it stricken from the files. Discretion to do this is lodged in the trial court (*Bowers* v. *Dickerson,* 18 Cal. 420; *Lunnun* v. *Morris,* 7 Cal. App. 710, [95 Pac. 907]); but, of course, it is a judicial discretion, to be exercised in view of all the facts in the case and in the promotion of justice. It has even been held, as in the case of *Drake* v. *Duvenick,* 45 Cal. 455, 463, that the purpose of entering a default is to limit the time during which a defendant may file his answer—which necessarily implies that the defendant's time to answer is extended until the plaintiff causes default to be entered. And that the defendant's time to answer is thus extended was expressly held in the case of *Reher* v. *Reed,* 166 Cal. 525, [Ann. Cas. 1915C, 737, 137 Pac. 263], where Mr. Justice Shaw, speaking for the court, said: "When a party, after the time expressly granted for filing a pleading against him has expired, suffers further time to elapse without taking any action thereon, and in the meantime the pleading is served and filed, he, by such conduct, in effect grants the additional time, and the party is not strictly in default."

According to the doctrine of these cases, the entry of the defendant's default is no more than a privilege which may or may not be exercised by the plaintiff; and when it has not been taken advantage of before the defendant files his answer he cannot be regarded strictly as in default.

In the present case the appellant's answer was filed but one day late, and it set forth a meritorious defense. The plaintiff did not move to strike it from the files until one month after its filing. Under these circumstances we think that the court, in the exercise of a sound discretion, ought to have denied the plaintiff's motion and have allowed the cause to proceed to trial. In our opinion the trial court abused its discretion in striking the appellant's answer from the files and ordering judgment by default to be entered against him. (*Lybecker* v. *Murray*, 58 Cal. 186.)

It follows that the judgment and orders appealed from should be reversed, and the cause remanded to the lower court for further proceedings, and it is so ordered.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 30, 1917.