HOYT, J.
Respondent, as a subcontractor, installed materials in a building owned by appellants F. W. McCoy and Helen M. McCoy, located in Alameda County. Not having been paid for his labor, respondent recorded within the time prescribed by law his claim of lien and filed suit to foreclose the same. On December 14, 1956, in connection with this action, respondent mailed a legally sufficient notice of pend-ency of action affecting real property to the county recorder of Alameda County. The county recorder received this lis pendens on December 17, 1956, which was the last day of the *Supp. 862 period within which it should have been filed. The county recorder on that same day returned it to plaintiff’s attorney because it did not contain the number of the action. Plaintiff’s attorney put the action number on it and returned it to the county recorder, who received it on December 21, 1956, and immediately placed it of record, this being the 95th day after the recording of the claim of lien. The trial court gave judgment in favor of respondent, and defendants F. W. McCoy and Helen M. McCoy appealed from the judgment.
The sole question involved in this appeal is whether the lis pendens was filed within 90 days after the filing of the claim of lien as required by section 1198.1 of the Code of Civil Procedure. So far as pertinent, section 1198.1 of the Code of Civil Procedure reads as follows:
“ (a) No lien provided for in this chapter binds any property for a longer period than 90 'days after the same has been filed except as hereinafter provided, unless within that time, proceeding to enforce the same be commenced in a proper court and a notice of pendency of such proceedings be filed as provided in Section 409. ...”
Section 409 of the Code of Civil Procedure, so far as pertinent, reads as follows:
“In an action affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, ... or at any time afterwards, may record in the office of the recorder of the county in which the property is situated, a notice of the pendency of the action, containing the names of the parties, and the object of the action or defense, and a description of the property in that county affected thereby. ...”
It should be noted that section 1198.1, Code of Civil Procedure, uses the word “filed” whereas section 409 of the Code of Civil Procedure reads “may record.” It would appear obvious that the reference in section 1198.1 to section 409 is for the purpose of specifying the contents of the notice of pendency of action. Section 1170 of the Civil Code provides “an instrument is deemed to be recorded when, ... it is deposited in the recorder’s office, with the proper officer, for record.”
In Edwards v. Grand, 121 Cal. 254, 256 [53 P. 796], the court said “An instrument is ‘filed’ for record when it is deposited in the proper office, with a person in charge thereof, with directions to record it. (Tregambo v. Comanche etc. Co., 57 Cal. 501.) Indorsing the fact and time of its deposit is not *Supp. 863 an essential part of the filing.” This statement has been approved and followed in a number of subsequent cases, including Estate of Carroll, 190 Cal. 105, 111 [210 P. 817], and Estate of Sankey, 199 Cal. 391, 396 [249 P. 517].
In Federal Construction Co. v. J. E. Curd, 179 Cal. 479, 487 [177 P. 473], the court said when an instrument is transcribed and certified in the recorder’s office, “it operates to give constructive notice of its contents, by relation to the date of its filing for record, ...” (Italics supplied.)
We must therefore conclude that when the notice of lis pendens in proper form was received for filing by the county recorder on the 90th day after the filing of the claim of lien, the requirements of section 1198.1 of the Code of Civil Procedure were complied with and that upon its subsequent recording it gave constructive notice by relation back to the date of its original filing.
The judgment is affirmed.
Wagler, P. J., and Ledwich, J., concurred.