[Civ. No. 26186. First Dist., Div. One. Sept. 28, 1970.]

A & B METAL PRODUCTS, Plaintiff and Respondent, v. MacARTHUR PROPERTIES, INC., Defendant and Appellant.

## COUNSEL

Cerf, Robinson & Leland and David Flinn for Defendant and Appellant.

Robert C. Burnstein and Joel Zebrack for Plaintiff and Respondent.

## OPINION

**SIMS, J.**—Defendant has appealed from an order[1] denying its motion to set aside its default and a judgment taken following that default. (Code Civ. Proc., former § 963, subd. (2) [now § 904.1, subd. (b)].) Defendant contends that the court erred in proceeding by default because it had an answer on file, and that, in any event the court erred in failing to grant it relief under the provisions of section 473 of the Code of Civil Procedure. An examination of the record reveals that defendant failed to file its answer prior to the entry of its default, and that the trial court did not abuse its discretion in denying the defendant's motion. The order must be affirmed.

The complaint in this action, for recovery of the principal sum of a promissory note and attorney's fees, was filed November 15 and served November 22, 1967. According to the declaration filed in support of defendant's motion, on the 29th day thereafter one of the attorneys for defendant requested one of the attorneys for plaintiff to grant a short extension of time so that the defendant's attorney could consult with his

---

[1]The notice of appeal dated August 1, 1968, and filed August 5, 1968, purports to be from a minute order made and entered May 17, 1967, the day the motion was heard and denied. A formal order was subsequently presented for signature by the *defendant* and signed on June 24th by a judge other than the judge who heard and ruled on the case. This order was filed June 24th and entered June 25, 1968. On June 28th the clerk executed a notice of entry of that order and mailed copies of the notice to the respective attorneys. The court's minutes for May 17, 1968 are not a part of the record. In the absence of objection by the plaintiff-respondent, no opinion is expressed as to whether the time for appeal was properly extended by the foregoing proceedings. The appeal is deemed to be from the formal order entered June 25th. (See Cal. Rules of Court, rule 2(b).)

client concerning the possibilities of settlement. He was advised that plaintiff's attorney would have to talk to his client to see whether the client would consent to such a continuance. The following day—Friday, December 22, 1967, the last day within which to file a pleading—plaintiff's attorney advised the declarant that the plaintiff would not consent to such a continuance. The declarant, thereupon, prepared an answer, which denied some of the allegations of the complaint, and set forth the affirmative defense of failure of consideration.[2] He caused the original to be mailed to the clerk of the court and a copy to be mailed to the attorney for plaintiff.

On December 26, 1967, the next business day, at 9:50 a.m. according to the clerk's file marks, the plaintiff caused the summons and the affidavit of service thereof, together with a request for entry of default to be filed. The clerk entered the defendant's default on a form which bears the notation "9:53 a.m." The answer prepared and mailed by defendant's attorney bears a similarly dated filed mark with "P.M. 12:18" as part of the endorsement. The clerk issued and returned to defendant's attorney a receipt for the $19 filing fee.

On January 5, 1968, plaintiff caused to be filed an affirmation of nonmilitary service, and secured a judgment, embodied in a written judgment, which was signed, filed and entered January 9, 1968, for $9,308.33 principal, $58.33 interest, $37 costs and $1,200 attorney's fees. On March 28, 1968 plaintiff secured the issuance of a writ of execution which was served on a title company at some time prior to its return wholly unsatisfied on May 27, 1968.

On May 7, 1968 defendant filed its notice of motion to set aside default and judgment taken thereon, together with its supporting memorandum of points and authorities and declaration. These proceedings resulted in the order from which this appeal is taken (see fn. 1 above).

## I

The answer was clearly not filed with the clerk within the 30 days prescribed by law which expired on December 22, 1967. (See Code Civ. Proc.,

---

[2]The complaint alleges:

". . . IV That within four years last past, to wit, on October 1, 1967 the Defendant MacArthur Properties, Inc. became indebted to Plaintiff in the sum of $10,000.00 on a written promissory note, a copy of which is annexed hereto and incorporated herein by reference. That said note provided that should default be made in the payment of any installments of said note when due the whole sum of principal and interest shall become immediately due at the option of the holder of the note." The answer admitted those allegations, but denied allegations that the defendant had failed to pay the first payment of $750 due on November 1, 1967, or any other sum, and the allegations relating to attorney's fees.

former § 407 [now § 412.20], and § 585.) ■ Nevertheless, it is generally recognized that an untimely pleading is not a nullity, and it will serve to preclude the taking of default proceedings unless it is stricken. (See *Baird* v. *Smith* (1932) 216 Cal. 408, 409 [14 P.2d 749]; *Reher* v. *Reed* (1913) 166 Cal. 525, 528 [137 P. 263]; *Bowers* v. *Dickerson* (1861) 18 Cal. 420, 421; *Brown* v. *Brown* (1959) 169 Cal.App.2d 54, 55-58 [337 P.2d 140]; *Buck* v. *Morrossis* (1952) 114 Cal.App.2d 461, 464-465 [250 P.2d 270]; *Bank of Haywards* v. *Kenyon* (1917) 32 Cal.App. 635, 636 [163 P. 869]; and *Lunnun* v. *Morris* (1908) 7 Cal.App. 710, 715-716 [95 P. 907].)

■ On the other hand, it has been held: "Upon the failure of the defendant to answer the complaint within the time allowed by law, and upon the entry of default, in the absence of fraud, the right of the defendant to participate in the litigation is terminated, and the subsequent filing of an answer or demurrer on his part is unauthorized and void, unless upon proceedings duly had, the default is first set aside. Upon the entry of default, where the action arises upon contract for the recovery of money or damages only, it becomes the duty of the clerk to enter judgment forthwith. This is a ministerial duty of the clerk, the failure to perform which may not prejudice the plaintiff. In the present case the filing of an answer in behalf of the defendant after his default had been duly entered, adding nothing to his legal rights, nor altered his status in the case. Upon the entry of his default the defendant was out of court, and the filing of his answer was unauthorized and void. [Citations.]" (*Jones* v. *Moers* (1928) 91 Cal.App. 65, 69-70 [266 P. 821]. See also *Christerson* v. *French* (1919) 180 Cal. 523, 525 [182 P. 27]; *Remainders, Inc.* v. *Superior Court* (1961) 192 Cal.App.2d 411, 412 [13 Cal.Rptr. 221].)

■ Defendant seeks to come within the former rule on the theory that the answer was in the hands of the clerk prior to the entry of its default, because it was duly delivered by mail at the earliest possible time in the course of business on December 26th. "A paper in a case is said to be filed when it is delivered to the clerk and received by him, to be kept with the papers in the cause. [Citation.] ■ Filing a paper consists in presenting it at the proper office, and leaving it there, deposited with the papers in such office. Indorsing it with the time of filing is not a necessary part of filing. [Citation.] When filed, it is considered an exhibition of it to the court, and the clerk's office in which it is filed represents the court for that purpose. [Citation.]" (*Tregambo* v. *Comanche Mill & Min. Co.* (1881) 57 Cal. 501, 506. See also *Estate of Sankey* (1926) 199 Cal. 391, 396 [249 P. 517]; *People* v. *Boggess* (1924) 194 Cal. 212, 219 [228 P. 448]; *Estate of Carroll* (1922) 190 Cal. 105, 111 [210 P. 817]; *City of Los Angeles* v. *Superior Court* (1968) 264 Cal.App.2d 766, 770 [70 Cal.Rptr. 826]; *Fisher* v. *Wandell* (1958) 157 Cal.App.2d Supp. 861, 862-863 [320

P.2d 242]; and *Andrews* v. *Metzner* (1927) 83 Cal.App. 764, 769-771 [257 P. 203].)

■ Defendant's contention fails because there is no showing that the mailed answer was in the hands of the clerk at any time prior to 12:18 p.m. on December 26, 1967. There is no presumption or inference that mail is delivered to a particular addressee at the time of the opening of his place of business, or before 9:53 a.m., or at any other particular time. The court properly disregarded the untimely answer in recognizing the earlier default and in rendering a default judgment for the plaintiff.

Furthermore, it may be noted in support of the judgment and order that the court in ruling on defendant's motion could have ordered a tardy, but predefault pleading stricken, and so confirmed the default judgment. (See *Lunnun* v. *Morris, supra,* 7 Cal.App. 710, 716.)

## II

■ "It is the policy of the law to favor, wherever possible, a hearing on the merits, and appellate courts are much more disposed to affirm an order where the result is to compel a trial upon the merits than they are when the judgment by default is allowed to stand and it appears that a substantial defense could be made. Stated another way, the policy of the law is to have every litigated case tried upon its merits, and it looks with disfavor upon a party, who, regardless of the merits of the case, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary. [Citations.]" (*Weitz* v. *Yankosky* (1966) 63 Cal.2d 849, 854-855 [48 Cal.Rptr. 620, 409 P.2d 700]. See also 3 Witkin, Cal. Procedure (1954) Attack on Judgment in Trial Court, § 47, p. 3098.)

■ Defendant implies that plaintiff was somehow implicated in the delay which resulted in its failure to file a timely answer. (Cf. 2 Witkin, *op. cit.,* Proceedings Without Trial, § 59, p. 1694.) It suggests that the only reason the answer was mailed the last day before time was up was because of an honest effort to settle the litigation. There were, however, no settlement negotiations with plaintiff. Plaintiff's attorney did not attempt to take advantage of his adversary, nor was he guilty of any treachery or deceit. He properly advised defendant's attorney that his client intended to stand on its right to have the matter at issue on questions of law or fact within the time prescribed by law. Defendant's attorney failed to explain why he delayed until the next to last day before attempting to discuss the matter with his client. No "mistake, inadvertence, surprise or excusable neglect" (Code Civ. Proc., § 473) has been shown.

It has been held that it was an abuse of discretion to strike an untimely

but predefault, filed answer, when it was only filed one day late. (*Bank of Haywards* v. *Kenyon, supra,* 32 Cal.App. 635, 637.) Similar considerations might govern here, if the two hours and 28 minute tardiness in filing the answer were the sole factor to be considered.

■ Section 473 of the Code of Civil Procedure provides that the application for relief "must be made within a reasonable time, in no case exceeding six months. . . ." Defendant suggests that the return of an endorsed copy of his answer and the receipt for the filing fee authorizes the inference that it would not have learned of the default and the ensuing judgment until the plaintiff sought to enforce it. There is no report of what transpired at the hearing on the motion. Plaintiff has stated without contradiction that at the hearing counsel for the defendant acknowledged that he had been informed by counsel for the plaintiff of the fact of entry of the default within two days after it was entered. Be that as it may, the burden of proof to secure relief was on the defendant. (*Schwartz* v. *Smookler* (1962) 202 Cal.App.2d 76, 80-81 [20 Cal.Rptr. 507]; *Garcia* v. *Gallo* (1959) 176 Cal.App.2d 658, 666 [1 Cal.Rptr. 539]; and *Yarrough* v. *Yarbrough* (1956) 144 Cal.App.2d 610, 614-615 [301 P.2d 426].) The declaration fails to indicate how or in what manner defendant first learned of the default and ensuing judgment. In *Benjamin* v. *Dalmo Mfg. Co.* (1948) 31 Cal.2d 523 [190 P.2d 593], the court stated: "Defendant has not cited, nor has independent research disclosed, any case in which a court has set aside a default where, in making application therefor, there has been an unexplained delay of anything approaching three months after full knowledge of the entry of the default. On the contrary, the proper procedure appears to involve the presentation of some explanation, by affidavit or testimony, of any extended delay, and the court then determines whether such explanation may be deemed sufficient to justify the granting of the relief sought." (31 Cal.2d at p. 529. See also *Schwartz* v. *Smookler, supra,* 202 Cal.App.2d 76, 81-83; and *Fallon & Co.* v. *United States Overseas Airlines, Inc.* (1961) 194 Cal.App.2d 546, 550 [15 Cal.Rptr. 354].) On this record, and in support of the judgment and order of the trial court, it may be concluded that the defendant failed to show that his application was made within a reasonable time.

■ Defendant accompanied its application with a copy of the answer which had been filed too late. It has been recognized that a verified pleading may be taken as an affidavit of merits. (See *Reher* v. *Reed, supra,* 166 Cal. 525, 527; *Salsberry* v. *Julian* (1929) 98 Cal.App. 638, 642 [277 P. 516]; and 3 Witkin, *op. cit.,* Attack on Judgment in Trial Court, § 62, subd. (2), p. 2114.) Nevertheless, the categorical denial, and the general conclusion that there was a failure of consideration throw little light on the actual merit of the controversy. This question is not elucidated by any state-

ment in the declaration other than, "My client has informed me and I believe it has a bona fide defense for this action." From all that appears the hearing on the motion may have brought out that there was no real merit to the defendant's defense.

The record might have sustained a contrary conclusion. On appeal, however, all presumptions and intendments are in favor of the order and judgment of the lower court. (See *Kreling* v. *McMullen* (1910) 158 Cal. 433, 434 [111 P. 252]; and *Paulekas* v. *Paulekas* (1953) 117 Cal.App.2d 73, 77 [254 P.2d 941].) ■ The defendant has failed to show that the trial court abused its discretion as a matter of law. (See *Schwartz* v. *Smookler, supra,* 202 Cal.App.2d 76, 80; *Fallen & Co.* v. *United States Overseas Airlines, Inc., supra,* 194 Cal.App.2d 546, 550; and *Kester Motors, Inc.* v. *Haddad* (1952) 109 Cal.App.2d 369, 372 [240 P.2d 1011].)

The order is affirmed.

Molinari, P. J., and Elkington, J., concurred.