[No. B215114. Second Dist., Div. One. Mar. 1, 2010.]

FRIENDS OF GLENDORA et al., Plaintiffs and Appellants, v.
CITY OF GLENDORA et al., Defendants and Respondents.

COUNSEL

Briggs Law Corporation, Cory J. Briggs and Mekaela M. Gladden for Plaintiffs and Appellants.

Law Offices of Leech & Associates and D. Wayne Leech for Defendants and Respondents.

OPINION

**JOHNSON, J.**—Erica Landmann-Johnsey appeals from the trial court's sustaining of a demurrer without leave to amend. Landmann-Johnsey's complaint alleged that the City of Glendora violated the California Environmental Quality Act (Pub. Resources Code, § 21000 et seq.) when it assessed a fee for her appeal to the city council of a planning commission decision. We affirm.

## FACTS

On February 27, 2008, Friends of Glendora (a nonprofit organization) and Erica Landmann-Johnsey, a resident of the City of Glendora (City), filed a complaint in Los Angeles Superior Court for declaratory and injunctive relief and petition for writ of mandate under the California Environmental Quality Act, Public Resources Code section 21000 et seq. (CEQA), and other laws. The complaint stated, "The project (including all associated entitlements) that is the subject of this proceeding is or may have been known as the Glendora Hospital Partners Project and will consist of a 125-bed assisted-living facility located at the corner of Bonnie Cove Avenue and Gladstone Street in the City of Glendora" (the project). The complaint's first cause of action, by Friends of Glendora, alleged that the City should have prepared an environmental impact report (EIR) regarding the project, and challenged the City's action taken on February 12, 2008, when the City adopted an addendum to a negative declaration and gave other approvals to the project without an EIR. All available appeals had been taken, and the City's approval was then final.

The second cause of action, by Landmann-Johnsey, alleged that the City violated CEQA when it assessed a $2,000 fee, which Landmann-Johnsey paid under protest, for the filing of her CEQA-based appeal to the city council of the planning commission's approval of the project. The complaint requested a judgment determining or declaring that the City failed to comply with CEQA when it charged the fee and that the City may not continue to charge a fee, and sought an injunction prohibiting the charging of the fee.

The City filed a demurrer to the second cause of action, on the grounds that (1) the complaint was filed outside the 120-day statute of limitations from July 13, 2004, the date that the city council adopted resolution No. 04-48, which established the fee; and (2) charging a fee was in compliance with CEQA under *Sea & Sage Audubon Society, Inc. v. Planning Com.* (1983) 34 Cal.3d 412 [194 Cal.Rptr. 357, 668 P.2d 664]. The trial court sustained the demurrer without leave to amend at a hearing on September 25, 2008. The trial court entered judgment against Friends of Glendora on the first cause of action on January 15, 2009, and notice of entry of judgment was served on January 20, 2009. Landmann-Johnsey timely appealed.

## DISCUSSION

We review the trial court's sustaining of the demurrer independently, and "[o]ur task in reviewing a judgment of dismissal following the sustaining of a demurrer is to determine whether the complaint states a cause of action." (*Coast Plaza Doctors Hospital v. Blue Cross of California* (2009) 173 Cal.App.4th 1179, 1185–1186 [93 Cal.Rptr.3d 479].) When the trial court has

sustained a demurrer without leave to amend, we "decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse." (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865 [62 Cal.Rptr.3d 614, 161 P.3d 1168].) It is the burden of the plaintiff to show that it could have amended the complaint to cure the defect. (*Align Technology, Inc. v. Tran* (2009) 179 Cal.App.4th 949, 959 [102 Cal.Rptr.3d 343].)

We treat the demurrer as admitting all the properly pleaded material facts and consider matters which may be judicially noticed, but we do not treat as admitted contentions, deductions, or conclusions of fact or law. (*Align Technology, Inc. v. Tran, supra,* 179 Cal.App.4th at p. 958.) Further, " 'we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.' " (*Ibid.*) Because a demurrer tests only the legal sufficiency of the pleading, we accept as true even improbable alleged facts, and we do not concern ourselves with the plaintiff's ability to prove its factual allegations. (*Ibid.*)

The complaint requested relief under CEQA "and Other Laws," identifying Friends of Glendora as a California nonprofit association and Landmann-Johnsey as an individual residing in Glendora. The complaint alleged that on February 12, 2008, the City adopted an addendum to a negative declaration (ND Addendum)[1] and "took other actions and gave other approvals" regarding the project, and that Friends of Glendora and Landmann-Johnsey "seek to invalidate Respondents' adoption of the ND Addendum and related actions and approvals with respect to the Project on the grounds that Respondents violated CEQA and other laws." The complaint did not identify Landmann-Johnsey as a member of Friends of Glendora, and alleged that Friends of Glendora and Landmann-Johnsey objected to the project's approval before the public hearing ended "and at least one of Petitioner FRIENDS OF GLENDORA's members objected if [in the event] Petitioner was formed after the Project's approval, as required by Public Resources Code Section 21177(c)."

Landmann-Johnsey's cause of action incorporated the allegations described above and stated, "Respondents charged petitioner LANDMANN-JOHNSEY a $2,000 fee to file her appeal of the Project's approval by Respondent's planning commission to the city council and refused to accept her appeal application unless she paid the fee. The appeal was based entirely on CEQA grounds. Petitioner paid the fee under protest. [¶] . . . Respondents violated

---

[1] A negative declaration is a written statement by the responsible public agency that a proposed project will not have a significant effect on the environment, and does not require the preparation of an EIR. (Pub. Resources Code, § 21064.)

CEQA when they charged an appeal fee for Petitioner LANDMANN-JOHNSEY to appeal the Project to the city council on CEQA grounds."

The complaint alleges that Landmann-Johnsey appealed the City's approval of the project to the city council as an individual, alleging only grounds based on CEQA.[2] We accept this as true. We independently determine whether the complaint states a cause of action that the assessment by the City of a fee for the filing of Landmann-Johnsey's appeal was a violation of CEQA.

The trial court took judicial notice of the City's July 2004 resolution No. 04-48, under which the City assessed the fee paid by Landmann-Johnsey. The resolution provides that the City will require a deposit of $2,000 at the time of filing an appeal to the city council of decisions made by the City's Department of Planning and Redevelopment and Public Works. The fee is assessed to cover "[a]ctual costs incurred by the city to process the appeal," with subsequent deposits as necessary and a return of the balance, if the costs of the appeal are less than the deposit. There is no indication in the complaint whether any portion of the fee was returned to Landmann-Johnsey. For the purpose of this appeal, however, the amount of the fee or the details of the resolution is irrelevant. The complaint does not allege that the amount or nature of the fee was unreasonable. Instead, Landmann-Johnsey's allegation is that CEQA does not permit *any* fee, however small or of whatever type, for the filing of her CEQA appeal to the city council. This is because CEQA does not expressly provide for such a fee, and as a member of the public her " 'privileged position' " in the CEQA process would make the imposition of a fee "a scheme for taxing the public into silence and submission."[3] We reject this contention.

## ANALYSIS

In *Sea & Sage Audubon Society, Inc. v. Planning Com.,* supra, 34 Cal.3d 412 (hereinafter *Sea & Sage Audubon*), the plaintiffs (the Audubon Society and a band of Indians) opposed a planned community development project before the City of Anaheim public planning commission, maintaining that the EIR prepared for the project was inadequate and should be rejected as

---

[2] Landmann-Johnsey filed a declaration signed on September 16, 2008, in support of the petition for writ of mandate, stating that she was a founder of Friends of Glendora, which was "comprised of several residents living near the intersection of Bonnie Cove Avenue and Gladstone Street in the City of Glendora," and had been a member since January 2008. For the purpose of reviewing the sustaining of the demurrer, however, we accept as true the complaint's allegation that Landmann-Johnsey sought to file the appeal to the city council on her own.

[3] Landmann-Johnsey did not allege that the City may not charge a fee for appeals not based on CEQA.

incomplete. The planning commission voted to certify the EIR as complete, and approved the tract maps for the proposed project. The plaintiffs mailed a brief letter to the city council stating that they were appealing the planning commission's certification of the EIR, but did not pay the required administrative appeal fee, which was one-half of the original filing fee for the project under consideration (in that case, $607). (*Id.* at pp. 416–417.) The appeal was rejected.

The plaintiffs then filed an administrative mandamus action, seeking to compel the city to vacate the approval of the tract maps because the EIR was inadequate. The city moved for summary judgment, arguing that the plaintiffs had failed to exhaust their administrative remedies, and the trial court granted the motion. On appeal, the plaintiffs asserted that their failure to exhaust administrative remedies should be excused, arguing (among other arguments) that the city's fee for filing an administrative appeal was invalid.

The California Supreme Court rejected the claim, holding that the contention that "the city was not authorized to impose such a fee on any party other than the subdivider" was "erroneous as a matter of law." (*Sea & Sage Audubon, supra,* 34 Cal.3d at p. 419.) Government Code section 66452.5 authorized the city to permit "[a]ny interested person" to appeal a decision of the planning commission to the city council, and Government Code section 66451.2 authorized the city to "establish reasonable fees" for procedures associated with the processing of parcel maps "and for other procedures required or authorized by this division or local ordinance." "Nothing in the applicable provisions suggests that the statutorily authorized fee could not be imposed on 'any interested person' who invoked the local appeal process, and plaintiffs have cited no authority which has interpreted these sections to prohibit such a fee. In our view, a plain reading of the provisions confirms the city's right to impose a reasonable fee in this situation." (*Sea & Sage Audubon, supra,* 34 Cal.3d at p. 419.)

The court also rejected the plaintiffs' argument that because another provision (§ 66452.5) of the Government Code provided that under section 66451.2, "fees may be collected from the subdivider" for expenses related to notice of hearings, fees could *only* be collected from subdividers. "Plaintiffs point to nothing which suggests that the Legislature intended this provision to foreclose a local entity from imposing reasonable fees on 'interested persons'—like the plaintiff organizations—who seek to invoke the administrative appeal process." (*Sea & Sage Audubon, supra,* 34 Cal.3d at p. 420.)

■ *Sea & Sage Audubon* approves fees imposed by a local entity, such as the City, on members of the public, such as Landmann-Johnsey, when they appeal a planning commission decision approving an EIR to a city council. Nevertheless, Landmann-Johnsey argues that *Sea & Sage Audubon* does not apply to the fee in this case, because she sought to appeal the approval of a negative declaration, and that appeal is governed by Public Resources Code section 21151, subdivision (c), which created a right to appeal a local lead agency's EIR in 1993, and in 2002 was expanded to include negative declarations. (See Stats. 1993, ch. 1070, § 3, p. 5917; Stats. 2002, ch. 1121, § 2.) Section 21151, subdivision (c) provides: "If a nonelected decisionmaking body of a local lead agency [here, the City[4]] certifies an environmental impact report, [or] *approves a negative declaration or mitigated negative declaration*, or determines that a project is not subject to this division, that certification, *approval*, or determination may be appealed to the agency's elected decisionmaking body, if any." (Italics added.)

Landmann-Johnsey emphasizes that this section does not specifically authorize an appeal fee. Another section of CEQA authorizes a lead agency to charge a fee to anyone proposing a project for the agency's preparation of a negative declaration. (See Pub. Resources Code, § 21089, subd. (a) ["A lead agency may charge and collect a reasonable fee from any person proposing a project subject to this division in order to recover the estimated costs incurred by the lead agency in preparing *a negative declaration* or an environmental impact report for the project and for procedures necessary to comply with this division on the project."].) As there is no similar provision in CEQA explicitly stating that a fee may be imposed for the appeal to the elected body of the approval of a negative declaration, Landmann-Johnsey argues that no fee may be charged.

■ We reject that argument. In *Sea & Sage Audubon*, the Supreme Court did not require a specific statutory authorization under CEQA for the appeal of a planning commission decision to the city council when an EIR was concerned, and we decline to require such specific authorization for the appeal of an approval of a negative declaration. In fact, the Supreme Court rejected the plaintiffs' contention that a statutory amendment providing that fees could be collected from the subdivider precluded the local agency from imposing a fee on anyone else, because the plaintiffs did not provide evidence of a legislative intent to prevent the agency from charging a reasonable fee

---

[4] " 'Lead agency' means the public agency which has the principal responsibility for carrying out or approving a project which may have a significant effect upon the environment." (Pub. Resources Code, § 21067.)

for an administrative appeal by an interested person. (*Sea & Sage Audubon, supra,* 34 Cal.3d at p. 420.) Similarly, in this case Landmann-Johnsey does not point to any legislative intent in the enactment of Public Resources Code section 21089, subdivision (a), which allows a city to charge a fee to the proponent of a project for the preparation of a negative declaration, to foreclose a city from charging an appeal fee from an individual who wishes to challenge the negative declaration. Her argument that no fee may be charged because CEQA does not specifically authorize the appeal fee would preclude the City from charging an appeal fee to the proponent of the project as well as to a citizen opponent.

Landmann-Johnsey argues that charging a fee impedes public scrutiny of government decisionmaking. She does not challenge the amount of the fee, however, and her argument would preclude the City from charging her even the most minimal fee, which would in no way impede her or other citizens' access to the appeal process.

Landmann-Johnsey also argues that requiring her to pay the appeal fee would be contrary to Public Resources Code section 21083.1, which states: "It is the intent of the Legislature that courts, consistent with generally accepted rules of statutory interpretation, shall not interpret this division or the state guidelines adopted pursuant to Section 21083 in a manner which imposes procedural or substantive requirements beyond those explicitly stated in this division or in the state guidelines." We agree that "CEQA is not to be stretched beyond the 'reasonable scope of the statutory language.' " (*Martin v. City and County of San Francisco* (2005) 135 Cal.App.4th 392, 402 [37 Cal.Rptr.3d 470]; see *Great Oaks Water Co. v. Santa Clara Valley Water Dist.* (2009) 170 Cal.App.4th 956, 970 [88 Cal.Rptr.3d 506].) In deference to the mandate of section 21083.1, we decline to interpret CEQA as requiring that agencies such as the City waive any and all of their customary fees for filing administrative appeals of decisions, simply because the appeal is based on CEQA. "[W]hile CEQA is to be liberally construed for the protection of the environment, like other statutes, it is to receive a practical, commonsense construction." (*Martin v. City and County of San Francisco, supra,* 135 Cal.App.4th at p. 402.)

The trial court properly sustained the demurrer. Landmann-Johnsey does not indicate how she could amend her complaint to avoid the demurrer, and the trial court did not abuse its discretion in denying leave to amend.[5]

---

[5] We affirm the sustaining of the demurrer on the ground that CEQA does not prohibit the fee for the appeal, and therefore we do not address the trial court's alternate ground for sustaining the demurrer (the untimeliness of a facial challenge to the resolution establishing the appeal fee).

## DISPOSITION

The judgment is affirmed. Costs are awarded to respondents.

Mallano, P. J., and Rothschild, J., concurred.