Filed 3/25/14  Thakar v. Shah CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| CHETAN THAKAR, | B242286 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. YC064739) |
| v. | |
| AJIT CHUNILAL SHAH, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stuart M. Rice, Judge.  Affirmed.

Chetan Thakar, in pro. per., for Plaintiff and Appellant.

Muñoz & Associates and Edward R. Muñoz for Defendant and Respondent.

## INTRODUCTION

This appeal is taken from an order sustaining a demurrer without leave to amend in favor of defendant Ajit Chunilal Shah, M.D., as to plaintiff Chetan Thakar's second amended complaint.[1]  We conclude that the trial court did not err in sustaining Dr. Shah's demurrer in its entirety for failure to state a cause of action because all of Thakar's causes of action were fatally defective.  We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff and appellant Chetan Thakar filed an unverified complaint in this action on May 6, 2011.  Therein, he alleged that in 1998 defendants Martin Gizzi and Subramanian Hariharan wrongfully terminated him from a hospital residency program at defendant JFK Medical Center (JFK) in New Jersey (these defendants are collectively referred to as the New Jersey defendants)[2] and falsified the results of his medical licensing examination to make it appear he had failed.  The New Jersey defendants purportedly conducted surveillance of him and interfered with his attempts to obtain a medical license and employment.  Thakar tried to engage attorneys in order to sue the

---

[1]  "We treat the order as appealable, despite the absence of a judgment of dismissal. The general rule of appealability is this:  'An order sustaining a demurrer without leave to amend is not appealable, and an appeal is proper only after entry of a dismissal on such an order.'  (*Sisemore v. Master Financial, Inc.* (2007) 151 Cal.App.4th 1386, 1396.)  But 'when the trial court has sustained a demurrer to all of the complaint's causes of action, appellate courts may deem the order to incorporate a judgment of dismissal, since all that is left to make the order appealable is the formality of the entry of a dismissal order or judgment.'  (*Ibid.*)  That is the case here.  'We will accordingly deem the order on the demurrer to incorporate a judgment of dismissal and will review the order.'  (*Ibid.;* see also, e.g., *Etheridge v. Reins Internat. California, Inc.* (2009) 172 Cal.App.4th 908, 913.)"  (*Melton v. Boustred* (2010) 183 Cal.App.4th 521, 527-528, fn. 1.)

[2]  Although we identify all of the defendants herein, Dr. Shah is the only defendant who is a party to this appeal.

2

New Jersey defendants, but was thwarted by their interference with his efforts to do so. At some point, Thakar moved to California and, in 2006, Thakar began working for defendants Smitray, Inc., S.D.P. Investments, Inc., and Dinu Dahyabhai Patel and Nick Dahya, who were operating a Days Inn Airport Center (hotel) (collectively referred to as the Smitray defendants). Thakar alleged that the Smitray defendants were contacted by Gizzi and Hariharan and given false information, which eventually led to the Smitray defendants conspiring with the New Jersey defendants to wrongfully terminate Thakar's employment at the hotel and interfere with his rights in a multitude of ways, including causing him to be criminally prosecuted. Defendant and respondent Dr. Shah was Thakar's physician who allegedly joined the conspiracy against plaintiff. Defendant Robert Conti was an attorney retained by the Smitray defendants in various legal actions initiated by Thakar arising out of his employment with the Smitray defendants. Thakar alleged Conti had connections with Gizzi and Hariharan and also was part of the conspiracy to thwart Thakar's efforts to obtain legal assistance and employment. Thakar further asserted that he began working in May 2010 as an insurance sales agent for defendants American International Marketing and Aaron Hoke, and faced discrimination and unfair treatment in that position as well, including interference with his business relationships with clients and potential clients.

In his initial complaint, Thakar, who has always represented himself in this action, attempted to state 15 causes of action. After other defendants demurred, the complaint was narrowed to 12 causes of action. Dr. Shah and other defendants then successfully demurred to the first amended complaint. Thakar thereafter filed the second amended complaint that stated only four causes of action. Dr. Shah again demurred, and the trial court sustained without leave to amend the entirety of the complaint as to Dr. Shah. We briefly summarize each of the three complaints and the relevant procedural history.

## I.      The Original Complaint

In his initial complaint, Thakar sought an injunction prohibiting all of the defendants from interfering with his search for legal representation and with his

3

employment. He also attempted to assert causes of action for invasion of privacy, intentional interference with his exercise of legal rights, defamation, intentional interference with contract, breach of contract, malicious prosecution, fraud, false imprisonment, intentional infliction of pain and suffering, various forms of conspiracy, and interference with prospective economic advantage. He prayed for injunctive relief, compensatory and punitive damages, and costs of suit.

Some of the defendants filed demurrers to the initial complaint. Thakar filed oppositions to the demurrers. As of October 21, 2011, the date of the hearing on the demurrers, Dr. Shah had not filed a demurrer to the initial complaint, nor had he filed an answer to it. The record on appeal does not contain a notice of ruling or order regarding those demurrers. On appeal, Dr. Shah asserts that the court sustained demurrers to seven causes of action without leave to amend.

## II.  The Request for Entry of Default and the First Amended Complaint

On October 21, 2011, Thakar requested entry of default as to Dr. Shah. The default was not entered because the request for default omitted necessary information. On October 27, 2011, Dr. Shah filed an answer and a demurrer to the original complaint.[3]

On October 28, 2011, Thakar again requested entry of default as to Dr. Shah. The default was not entered because Dr. Shah had filed his answer the previous day.[4]

---

[3]  Dr. Shah's demurrer to the original complaint was rendered moot by Thakar's filing a first amended complaint on November 10, 2011.

[4]  We need only briefly note that the trial court properly refused to enter Dr. Shah's default because the request for entry of default filed by Thakar was indeed incomplete and therefore properly rejected on procedural grounds. Dr. Shah was permitted to file his answer, albeit late, because default had not been entered. A trial court may in the exercise of its discretion allow an answer to be filed late where the plaintiff has not effected the entry of default. (*Bank of Haywards v. Kenyon* (1917) 32 Cal.App. 635, 636-637.) As to Thakar's second attempt to file a request for entry of default, a default cannot be entered if a defendant has filed a permissible responsive pleading. An untimely pleading is not a nullity, and it will serve to preclude the taking of default proceedings

4

On November 10, 2011, Thakar filed a verified first amended complaint. Seven causes of action were alleged against Dr. Shah, including for injunctive relief to prohibit obstruction of legal representation (first cause of action), injunctive relief to prohibit interference with employment (second), invasion of privacy (third), intentional infliction of pain and suffering (ninth), intentional interference with prospective economic advantage (tenth), conspiracy to interfere with prospective economic advantage (eleventh), and conspiracy to obstruct exercise of legal rights (twelfth).

Dr. Shah filed a demurrer to the first amended complaint on December 16, 2011, asserting numerous grounds upon which the complaint failed to state a cognizable cause of action, and asserting that the amended complaint was uncertain, ambiguous, and unintelligible. Thakar filed opposition and a request for judicial notice.

The matter was heard and argued on February 16, 2012. The court sustained without leave to amend the demurrer to the first, second, third, and twelfth causes of action. The demurrers to the ninth, tenth, and eleventh causes of action (for intentional infliction of pain and suffering, intentional interference with prospective economic advantage, and conspiracy to interfere with prospective economic advantage) were sustained with leave to amend.

## III.    The Second Amended Complaint and the Appeal

On March 6, 2012, Thakar filed a verified second amended complaint. Three causes of action were alleged against Dr. Shah, including for intentional infliction of emotional distress (second cause of action), intentional interference with prospective economic advantage (third), and conspiracy to interfere with prospective economic advantage (fourth).

Dr. Shah filed a demurrer on April 6, 2012, as to all causes of action stated against him. On April 23, 2012, Thakar filed opposition and a request for judicial notice.

---

unless it is stricken. (*A & B Metal Products v. MacArthur Properties, Inc.* (1970) 11 Cal.App.3d 642, 647.)

The matter was heard on May 1, 2012. Dr. Shah's demurrer was sustained in its entirety without leave to amend. Thakar's request for judicial notice was denied. Notice of ruling (erroneously stating that the demurrers to the third and fourth causes of action were "dismissed with prejudice") was filed on May 4, 2012. The court did not thereafter enter a judgment of dismissal in favor of Dr. Shah.[5]

This timely appeal followed.

## DISCUSSION

This matter comes to us upon the sustaining of a demurrer to Thakar's second amended complaint without leave to amend. Thakar initially asserts that the trial court erred by sustaining in part, without leave to amend, the demurrers to the original complaint even though Dr. Shah did not join in the other defendants' demurrers. However, the record on appeal is not adequate to demonstrate how the court ruled or the bases for its rulings, and it is of course the appellant's burden to provide an adequate record on appeal in order to affirmatively show error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.)

In the first amended complaint Thakar did not restate the causes of action against Dr. Shah as to which demurrers had been sustained *as to the other defendants*, even though the factual allegations against Dr. Shah were unique to him. Thakar could have done so but did not, and the record does not contain any indication why he did not. Thakar thereby forfeited any claim of error with regard to the trial court's ruling on other defendants' demurrers as to causes of action in the original complaint that Thakar did not reallege as to Dr. Shah. We will therefore set forth and discuss only the causes of action included by Thakar in his first amended and second amended complaints. As we explain, we conclude that none of Thakar's attempts to state a cause of action against Dr. Shah succeeded.

---

[5]     See footnote 1, *ante*.

"We independently review the trial court's ruling sustaining a demurrer without leave to amend (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 5) and 'must assume the truth of the complaint's properly pleaded or implied factual allegations. [Citation.] . . . In addition, we give the complaint a reasonable interpretation, and read it in context. [Citation.] If the trial court has sustained the demurrer, we determine whether the complaint states facts sufficient to state a cause of action. If the court sustained the demurrer without leave to amend, as here, we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment. [Citation.] If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred. [Citation.] The plaintiff has the burden of proving that an amendment would cure the defect. [Citation.]' (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)" (*Arce v. Childrens Hospital Los Angeles* (2012) 211 Cal.App.4th 1455, 1470-1471.) "Because a demurrer tests only the legal sufficiency of the pleading, we accept as true even improbable alleged facts, and we do not concern ourselves with the plaintiff's ability to prove its factual allegations. [Citation.]" (*Friends of Glendora v. City of Glendora* (2010) 182 Cal.App.4th 573, 576.)

## I.      The Allegations Against Dr. Shah

In the introductory allegations in the first amended complaint applicable to all causes of action, Thakar alleged that he worked as a resident manager for the Smitray defendants at the Days Inn Airport Center from about March 2006 to April 2008. The Smitray defendants were contacted by the New Jersey defendants, given false and derogatory information about Thakar, and persuaded to conspire against Thakar.

Thakar alleged he was wrongfully terminated from his job at the hotel and was unable to find another job and residence, and was intimidated by the hotel staff. He was served with a restraining order that the Smitray defendants procured by making false and malicious statements. When Thakar was unable to pack his belongings quickly enough, he was apprehended and taken to jail for half a day. Thakar returned to his residence to

retrieve his belongings, but defendants called the police again and he was sent to county jail for 20 days. He pleaded no contest and was convicted of a misdemeanor contempt of court. In an effort to defend against the charge, Thakar sought a copy of a previous letter drafted by his physician, Dr. Shah.

Thakar alleged that Dr. Shah took part in "[a] systematic scheme . . . laid in motion to inflict criminal charges upon [Thakar]." Specifically, Thakar alleged that when he was charged with "Public Drunkenness" in 2004, Dr. Shah wrote a letter to the public defender that exonerated Thakar and the charges were dropped. "The letter from Defendant Shah implicate[d] [Defendants Gizzi, Harry, and JFK] in to [*sic*] intentionally prescribing [Thakar] with unwarranted psychotropic drugs with serious behavioral reactions." Years later when again faced with criminal charges, Thakar tried to get a copy of that letter: "[Thakar] was unable to locate the MD letter in his court records at the Fullerton Courthouse. [Thakar] therefore subpoenaed the MD letter from Public Defender, City Attorney and Dr. Shah in November 2008. While the Public Defender's office denied possession of the letter, a forged second letter was furnished in response to subpoena to the prosecutor's office, pretending to be the original MD letter submitted by Dr. Shah in April 2004 that led to dismissal of charges against [Thakar]. In response to the subpoena, Defendant Dr. Shah swiftly retained a criminal defense attorney who intimidated [Thakar] and denied possession of either the original or the forged MD letter."

Thakar's allegations of wrongdoing against Dr. Shah boil down to the assertion that Dr. Shah conspired with the other defendants, failed to produce the MD letter in response to subpoena, and forged a second letter to cover up the incriminating contents of the original letter, leading Thakar to be convicted of a misdemeanor. According to Thakar, disclosure of the first letter would have "exposed the culprits, their scheme and underlying agenda against [Thakar] which is [to] cover up wrongdoings and evade liability by targeting [Thakar]. That would have stopped further harms upon [Thakar], cleared the path to recover [Thakar's] MD career. Shah's fraud therefore enabled and caused continued merciless harms and sufferings inflicted upon [Thakar] in the form of

8

ongoing multifaceted attacks on making a living, pursuing justice and avoiding entrapments." (Emphasis omitted.) Although Thakar alleged that Dr. Shah took part in giving Thakar unnecessary psychotropic medication in 2004, we note that Thakar does not attempt to state a cause of action based on that conduct. Rather, Thakar's focus is entirely on Dr. Shah's refusal to produce the original MD letter and his creation of a second letter that was produced by the prosecutor's office.

### A.     *The First Amended Complaint*

Seven causes of action were alleged against Dr. Shah in the first amended complaint. Thakar's first cause of action sought an injunction prohibiting defendants from interfering with Thakar's search for legal representation. Therein, he alleged that the New Jersey defendants had used unlawful methods to interfere with Thakar's efforts to pursue legal recourse. He alleged he had contacted hundreds of attorneys and legal aid organizations, all of whom refused to represent him after defendants contacted them and discouraged, coerced, or intimidated them to drop Thakar's case. He sought an injunction to prevent all defendants from performing surveillance of him, or interfering with his search for representation or communicating with any attorney with whom he was in contact or whom Thakar retained. As to Dr. Shah, Thakar alleged that Dr. Shah "obstruct[ed] [Thakar's] attempt to find representation and pursue justice," and was "responsible for extending [Thakar's] suffering by obstructing disclosure of the original MD letter by fraud, denial and perjury, under the guidance of his criminal defense attorney."

Thakar's second cause of action sought an injunction prohibiting all defendants from interfering with his employment and income. He alleged that the New Jersey defendants interfered with his employment in order to destabilize him financially and escape their liability to him. Thakar claimed he faced hostilities, discrimination, retaliation, forced resignations, and terminations with every one of his employers ever since he filed legal action against JFK in 2003. He sought an injunction prohibiting defendants from communicating with his current and future employers and coworkers,

9

performing illegal surveillance of him, or communicating with his existing and potential clients.**6** Dr. Shah was not mentioned and no specific acts were attributed to him in relation to this cause of action.

In his third cause of action for invasion of privacy, Thakar alleged he was placed under continuous surveillance by the defendants so they could interfere with his employment and retaliate against him. "All defendants are culprits in invading [Thakar's] privacy by either providing moneys to fund the continuous surveillance, . . . providing cause for such surveillance or using the information obtained by such unlawful methods towards harming [Thakar] to obstruct and thwart his legal pursuit." We note, however, that while he alleged all defendants participated, neither in the trial court nor on appeal does Thakar press this issue as against Dr. Shah in any way.

The ninth cause of action for "Intentional Infliction of Pain and Suffering" alleged that all of the defendants deliberately and maliciously caused him harm, violated his civil rights, deprived him of a successful medical career, and forced him into poverty and homelessness. Thakar alleged that "Dr. Shah's outrageous conduct involve[d] forging a second MD letter, a court document, to cover up highly incriminating content of the letter he furnished that originally dismissed charges against [Thakar] in April 2004." After Thakar was jailed for 20 days, "Dr. Shah continued to cover up the content of the MD letter which has mysteriously disappeared from court files among other records, denying [Thakar] the single most important document evidence that could stop his sufferings of many years." In so doing, Dr. Shah acted with reckless disregard of the severe emotional distress he caused Thakar.

The tenth cause of action for intentional interference with prospective economic advantage alleged that the conspiracy to convict Thakar of criminal charges interfered with his ability to regain his medical career. As a result of defendants' intentional

---

**6** In a previous appeal, we affirmed the trial court's order denying Thakar's ex parte application for a preliminary injunction by which he sought the injunctive relief set forth in his first and second causes of action. (*Thakar v. Smitray, Inc.* (June 19, 2012, B234776) [nonpub. opn.].)

10

wrongdoings, Thakar lost the prospective income of a successful neurologist. Similarly, in the eleventh cause of action for conspiracy to interfere with prospective economic advantage, Thakar alleged that all defendants conspired with the New Jersey defendants by interfering with Thakar's attempts to regain his medical career and pursue legal remedies.

In his twelfth cause of action for conspiracy to obstruct exercise of legal rights, Thakar alleged that since he was defrauded out of his medical license in July 1998, all of the harms committed against him were done to enable the New Jersey defendants to escape their liability and accountability to him. The other defendants "were coerced, persuaded and/or intimidated in to participating in the ongoing conspiracy aimed at preventing [Thakar] from getting his day in the court." Thakar alleged that "Dr. Shah committed a felony by altering a Court Document, his original letter that dismissed charges against [Thakar] in order to cover up the incriminating content of the first letter and also to shield Smitray Defendants who actually succeeded in imposing criminal charge upon [Thakar] second time around. Dr. Shah refused to disclose the original MD letter despite repeated Subpoenas, hired a Criminal Defense attorney and threatened [Thakar]. Dr. Shah's role in Conspiracy to obstruct [Thakar's] exercise of Legal Rights is therefore the most shocking and unique of[] all."

### B. The Second Amended Complaint

After the court sustained without leave to amend the demurrer to the first, second, third, and twelfth causes of action in the first amended complaint, Thakar filed a second amended complaint attempting to state causes of action against Dr. Shah for intentional infliction of emotional distress (second cause of action), intentional interference with prospective economic advantage (third cause of action), and conspiracy to interfere with prospective economic advantage(fourth cause of action).

In the second cause of action for intentional infliction of emotional distress, Thakar alleged that "Dr. Shah's outrageous conduct include[d] forging a second MD letter, a court document, to cover up highly incriminating content of the letter he

11

furnished that originally dismissed charges against [Thakar] in April 2004." Dr. Shah continued to cover up the content of the MD letter, "denying [Thakar] the single most important evidence that could put a stop to [Thakar's] extreme emotional distress and sufferings of almost fourteen years." Thakar alleged Dr. Shah committed a felony by forging the second MD letter, and that Dr. Shah hired a criminal defense attorney in furtherance of the conspiracy to cover up the scheme against Thakar.

In the third cause of action for intentional interference with prospective economic advantage, Thakar repeated his previous allegations that the defendants interfered with his ability to rehabilitate his medical career, leading to loss of salary and related economic losses. Thakar alleged that the disappearance of the first MD letter from the court file and from the public defender's file was not an accident, and "created an opportunity for Dr. Shah to manufacture another letter to cover up incriminating and 'smoking gun' evidence contained in the Original MD letter that exonerated [Thakar]. By virtue of this forged letter, [Thakar] is deprived of[] the biggest breakthrough in his legal pursuit that would overcome giant wall of obstruction he faces in his pursuit of prospective economic advantage." Similarly, in the fourth cause of action, Thakar alleged that all of the defendants conspired to obstruct Thakar's pursuit of economic advantage by regaining his medical career and being awarded legal damages; "Dr. Shah played [the] pivotal role of keeping the Pandora's Box of over decade long wrongdoings against [Thakar] closed."

## II.  Thakar's Allegations Fail to State a Cause of Action

We turn to consideration of whether the first amended or second amended complaints contained allegations adequate to state a cause of action against Dr. Shah. We find that they do not. The gravamen of each complaint as it relates to Dr. Shah is that, in 2004, in exchange for Thakar's signing a waiver of liability, Dr. Shah wrote a letter which resulted in Thakar's exoneration on criminal charges, and which contained incriminating information detailing the wrongdoing by the New Jersey defendants. In 2008 when the Smitray defendants had become involved in the conspiracy against

12

Thakar—using wrongful means to obtain a restraining order against Thakar and having him jailed in order to damage his credibility—Dr. Shah prepared a new letter that failed to disclose the conspiracy and wrongdoing perpetrated against Thakar, as the first letter had done. Dr. Shah hired a criminal defense attorney and refused to comply with the subpoena Thakar issued demanding production of the original MD letter. Dr. Shah's failure to provide the exonerating letter, which would have implicated the New Jersey defendants in prescribing psychotropic drugs prior to 2004 allegedly thwarted Thakar's ability to seek justice and interfered with and delayed his being able to reestablish his medical career.

Such allegations are not sufficient to state a cause of action against Dr. Shah. Despite twice amending his complaint, Thakar never set forth the alleged content of the second "MD letter." Nor did Thakar include allegations sufficient to establish that Dr. Shah had any duty to write letters on behalf of Thakar in the first place, or to retain copies of those letters or otherwise assist Thakar. The allegations made against Dr. Shah simply do not add up to a cognizable cause of action. To demonstrate this conclusion, we need only briefly discuss each cause of action alleged against Dr. Shah.

### A.    *Injunctive Relief*

Thakar sought in his first amended complaint the equitable remedy of a permanent injunction against Dr. Shah prohibiting him from interfering with (1) Thakar's search for legal representation, and (2) his employment and income. However, in order to plead a cause of action for injunctive relief, a plaintiff must plead the grounds upon which equitable relief is justified by showing that the remedy at law is inadequate. (See *Intel Corp. v. Hamidi* (2003) 30 Cal.4th 1342, 1352.) He has not alleged that the purportedly wrongful acts constitute an actual or threatened injury to his property or personal rights that cannot be compensated by an ordinary damage award. In addition, we note that Thakar does not assert on appeal that Dr. Shah was an active participant in obstructing his retention of legal counsel or his seeking employment. Accordingly, the claims seeking injunctive relief were subject to demurrer. Because Thakar has not demonstrated he

13

could amend the complaint to sufficiently state a basis for injunctive relief against Dr. Shah, we conclude the demurrer was properly sustained without leave to amend as to those causes of action.

### B.     Invasion of Privacy

Although Thakar broadly stated in his first amended complaint that all of the defendants were involved in an invasion of Thakar's privacy, there were no specific allegations that Dr. Shah participated in the purported surveillance of Thakar. Thakar does not argue on appeal that Dr. Shah participated in or funded such conduct. As such, we conclude that the demurrer on this cause of action was properly sustained without leave to amend as to Dr. Shah.

### C.     Intentional Interference With Prospective Economic Advantage and Conspiracy to Interfere With Prospective Economic Advantage

The elements of a claim of interference with prospective economic advantage are: "'"(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional [or negligent] acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." [Citations.]' [Citation.]" (*Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1153; *Westside Center Associates v. Safeway Stores 23, Inc.* (1996) 42 Cal.App.4th 507, 521-522.)

Dr. Shah argues on appeal that Thakar's purported causes of action for intentional interference with prospective economic advantage and conspiracy to interfere with prospective economic advantage necessarily must fail because there is no identifiable contract or economic relationship alleged with which Dr. Shah purportedly interfered. We agree. These causes of action alleged that Dr. Shah interfered with Thakar's ability to reestablish his medical career, but no specific employment contract or prospective

14

employment relationship was ever alleged.  It is insufficient to simply allege that Thakar was prevented from pursuing a career in medicine.  Therefore, the trial court properly sustained without leave to amend Dr. Shah's demurrers to these causes of action.

### D.  *Intentional Infliction of Emotional Distress*

The elements of the tort of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant; (2) intention to cause or reckless disregard of the probability of causing emotional distress; (3) severe and extreme emotional suffering; and (4) actual and proximate causation of the emotional distress. (*Christensen v. Superior Court* (1991) 54 Cal.3d 868, 903.)  To be outrageous, the conduct must be so extreme as to exceed all bounds of that usually tolerated in a civilized society.  (*Ibid*.)  Dr. Shah contends on appeal that the trial court did not err in concluding that Thakar failed to allege outrageous conduct by Dr. Shah.  We agree.

Even assuming the truth of Thakar's factual allegations, we conclude that Thakar has not alleged extreme and outrageous conduct by Dr. Shah.  Thakar fails to set forth any allegations sufficient to establish that Dr. Shah had any duty or obligation to act on behalf of Thakar to help him avoid criminal prosecution or prove wrongdoing by the other defendants.  Dr. Shah wrote a letter for Thakar in 2004 that caused criminal charges against Thakar to be dropped.  In 2008, Thakar tried to get a copy of that letter from the court, the public defender, the prosecutor, and Dr. Shah.  Dr. Shah responded to the subpoena, through his attorney, by stating that he did not have a copy of the letter.  There is no allegation that Dr. Shah possessed a copy of the letter and refused to produce it or that he did not comply with his legal obligations in responding to the subpoena.  The prosecutor produced a copy of the letter that did not contain the same information as the original letter.[7]  There is no allegation that Dr. Shah had any obligation or duty to retain a

---

[7]  Although Thakar claims that Dr. Shah "forged" the second letter, that is a legal conclusion and Thakar's allegations do not state how the letter is a forgery.  Presumably, the fact that Dr. Shah wrote both letters establishes that he did not forge either letter.  In any event, Thakar never sets forth the purported content of the second letter.

copy of the first letter.  There are no allegations the second letter was false or injurious to Thakar.

We thus conclude that the trial court properly sustained the demurrer without leave to amend as to this cause of action as well.

### E.  *Conspiracy to Obstruct Exercise of Legal Rights*

The twelfth cause of action in the first amended complaint for "conspiracy to obstruct exercise of legal rights" does not state a recognized and cognizable cause of action.  Although in this cause of action Thakar vaguely claims he has been denied due process, the cause of action is simply surplusage because the primary rights alleged to have been violated are addressed in Thakar's other causes of action.  Thakar does not allege that Dr. Shah directly participated in interfering with his ability to obtain legal representation.  Rather, Thakar's only allegation against Dr. Shah is that Dr. Shah's withholding the original MD letter prevented Thakar from having evidence that would demonstrate the other defendants' wrongdoing.  As we have concluded above, those allegations were insufficient to state a cause of action against Dr. Shah.

### DISPOSITION

Treating the order as a judgment of dismissal, the order is affirmed.  Thakar is ordered to pay costs on appeal.

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

EDMON, J.[*]

We concur:

WILLHITE, Acting P. J.                    MANELLA, J.

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.